JOHN MUELLER *vs.* RUDOLPH RHEIN ET UX.

First Judicial District, Hartford, May Term, 1907.
BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

In an action at law to recover rent, the sole issue between the parties was as to whether the written lease at the time of its execution described certain rooms, as well as a store, as part of the leased premises, as contended by the defendant, or whether the clause including those rooms was afterward inserted in the lease without the plaintiff's knowledge or consent, as alleged by him; and this issue was found in favor of the defendant. *Held* that thereupon the defendant was entitled to judgment; and that the fact that the plaintiff did not know or realize at the time he signed the lease that it referred to these rooms as part of the leased premises, did not justify the trial court in rendering judgment in his favor, in the absence not only of any allegation that he had been induced to sign the lease by any fraud or improper conduct on the part of the defendant, but also of any prayer for a cancellation or correction of the lease or for other equitable relief.

Submitted on briefs May 9th—decided June 5th, 1907.

ACTION to recover rent, brought to and tried by the City Court of Hartford, *Bullard, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *Error and judgment reversed.*

*John T. Robinson* and *Louis H. Katz,* for the appellants (defendants).

*Joseph L. Barbour*, for the appellee (plaintiff).

THAYER, J.   The plaintiff's bill of particulars claims rent for the month of October, 1906.

The answer of the defendants alleges that the plaintiff executed a written lease to Ida Rhein, one of the defendants, wherein it was stipulated that she was to have " the store occupied and used as a grocery situated and located at No. 51 John Street in said Hartford, also the three rooms in the rear of said store and used and to be used as a tenement and living apartments," for a monthly rent of $25; that the tenement mentioned in the plaintiff's bill of particulars is the tenement referred to in the lease; and that the defendant " Ida Rhein had paid to the plaintiff $25 for the rent of the store and tenement No. 51 John Street for said month of October, in total fulfilment of the terms " of said lease.

The plaintiff's reply admits the execution of a lease to Mrs. Rhein of the grocery store, but denies that when said lease was executed it contained the words " also the three rooms in the rear of said store and used and to be used as a tenement and living apartments," and alleges that if said words appear in said lease, they were inserted after he had signed the same, and without his knowledge or consent.

The case was tried upon these pleadings, and the court found that the words " also the three rooms in the rear of said store and used and to be used as a tenement and living apartments " were contained in the lease at the time of its execution; that the lease was read to the plaintiff, and that he took it and appeared to read it and handed it back to the attorney who had drawn it with the remark " it is all right," and then signed it.   The court also found from something which appeared in the evidence, that the plaintiff is a poor reader of English and did not notice or comprehend that the quoted words were in the instrument, and that he did not knowingly agree that they should be included in it, and that he understood that the lease was a lease of the store alone.

Mueller *v.* Rhein.

The plaintiff, after the trial, at the suggestion of the court, amended his reply by adding "or if said words appeared in said lease when it was signed it was without the knowledge or consent of the plaintiff, who never knowingly agreed that said words should be included in said lease and never knowingly agreed that the rental of said three rooms in the rear of the store to be used as a tenement should be included in said sum of $25, which, according to the plaintiff's understanding, was to be the monthly rent for said grocery store only." The defendants having declined to offer further evidence upon the issue thus attempted to be raised, although given an opportunity to do so, the court ruled that the lease was invalid upon the ground that there was no meeting of the minds of the parties, that it furnished no defense to the action, and rendered judgment for the plaintiff.

After proof that he executed the lease set up in the answer the plaintiff was estopped to deny that he was bound by its terms. No fraud or improper conduct or act on the part of the defendants inducing the plaintiff to sign the lease is alleged, and if he signed it without knowing its terms, it would appear to have been through negligence so gross that a court of equity upon proper pleadings would refuse to cancel or correct the lease. It is unnecessary to determine this question however. This is an action at law for rent, and no such relief is asked for. The defendants proved that they occupied the premises in question under a written lease under seal, and that they had paid in full the rent reserved in the lease. They were therefore entitled to judgment. The court erred in ruling that the lease afforded no defense to the action.

There is error and the judgment of the City Court is reversed.

In this opinion the other judges concurred.