FREDERICK M. McCARTHY *vs.* WLADYSLAWA TANISKA
ET AL.

Third Judicial District, Bridgeport, April Term, 1911.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

Pending actions against him for breach of promise of marriage and for bastardy, the defendant therein, while in custody of the officer, signed a written agreement wherein he practically admitted the truth of the charges against him and promised to marry the plaintiff within ninety days thereafter, or forfeit a sum of money which he deposited with the justice of the peace before whom the bastardy complaint was brought; and in consideration thereof the plaintiff agreed to, and did, withdraw the actions. The defendant neglected to keep his promise, but insisted upon a return of the deposit, alleging that he did not understand the nature and meaning of the contract and that he signed it under duress. Upon an action of interpleader brought by the holder of the money it was *held:*—

1. That the agreement between the woman and her attorney respecting the institution of the breach of promise suit, was an independent transaction between other parties, the legality of which was not involved under the issues presented.

2. That the test of the existence of duress was not so much the means employed to secure the execution of the contract, as the state of mind which those means induced upon the part of the defendant.

3. That the facts recited in the record showed that there was a free meeting of the minds of both parties, with a full understanding of their rights and liabilities.

4. That the writs against the defendant, being in proper form and having been regularly served by a duly-qualified officer, and for apparently, if not admittedly, just causes, the arrest and detention of the defendant thereon was warranted and lawful.

5. That the fact that the justice of the peace who signed the writs took part in the settlement of the controversy and charged for his services, was not sufficient as matter of law to avoid the contract upon the ground of duress; there being nothing in the record to show that this was not duly weighed and considered in connection with all the other circumstances in evidence.

Argued April 19th—decided June 15th, 1911.

ACTION of interpleader to determine the rights of the respective defendants in and to a sum of money in the hands of the plaintiff, brought to and tried by the Court of Common Pleas in New Haven County, *Simpson, J.;* facts found and judgment rendered awarding the money to the defendant Taniska, from which the other defendant, Majkowski, appealed. *No error.*

*Verrenice Munger*, for the appellant (defendant Majkowski).

*Charles C. Ford*, for the appellee (defendant Taniska), was stopped by the court.

RORABACK, J. May 17th, 1910, Wladyslawa Taniska brought an action for a breach of promise of marriage against Baleslaw Majkowski, in which the writ directed the attachment of his body. On the same day Taniska swore out a complaint in bastardy before Frederick M.

McCarthy, a justice of the peace for New Haven county, in which she alleged that she was a single woman, and that she was pregnant with a child begotten by Majkowski. A warrant signed by McCarthy as a justice of the peace was attached to the bastardy complaint. Shortly thereafter, by virtue of the authority contained in the writ and the warrant, Majkowski was arrested and brought before McCarthy as a justice of the peace. On the same day, in consideration of the promises of Taniska that she would withdraw the action for breach of promise and her bastardy complaint, Majkowski made the following contract with Taniska: "This agreement made and entered into this 17th day of May, 1910, by and between Baleslaw Majkowski, of Ansonia, New Haven County and State of Connecticut, of the first part, and Wladislawa Tanisko, of said Ansonia, of the second part, witnesseth: Whereas, said Wladislawa Tanisko is pregnant with a child of her body, begotten on or about April 1, 1910, at said Ansonia by said Baleslaw Majkowski, of said Ansonia, and whereas, said Baleslaw Majkowski has promised to marry the said Wladislawa Tanisko within ninety days from the date of this agreement, and whereas, the said Baleslaw Majkowski has placed in the possession of Frederick M. McCarthy, of said Ansonia, the sum of three hundred and twenty dollars and seventy cents ($320.70) to be paid as damages to the said Wladislawa Tanisko at the expiration of said ninety days from the date hereof if the said Baleslaw Majkowski fails or neglects to marry the said Wladislawa Tanisko, provided, however, if the said Baleslaw Majkowski marries the said Wladislawa Tanisko on or before the expiration of ninety days from the date hereof then in that event the said Frederick M. McCarthy is hereby authorized and directed to pay the said sum of $320.70 to the said Baleslaw Majkowski

and the said Wladislawa Tanisko jointly. It is agreed that a sworn statement that the marriage has been performed will be sufficient evidence to said Frederick M. McCarthy that said marriage has taken place. In witness whereof we have hereunto set our hands and seals this 17th day of May, 1910.

"In the presence of, David O'Donnell. Baleslaw Majkowski (seal). Wladislawa Tanisko (seal)."

After the money mentioned in this contract, which is the subject-matter of this action of interpleader, had been placed in the hands of McCarthy, the plaintiff, the bastardy proceedings and action for a breach of promise were withdrawn. Majkowski failed and refused to marry Taniska within the time fixed by the written contract. After the expiration of sixty days, namely, on September 7th, 1910, both of the parties claiming the money deposited with him, McCarthy commenced the action of interpleader now under consideration, which was made returnable to the Court of Common Pleas in New Haven County. By the written consent of both Taniska and Majkowski that they would interplead, an order of interpleader was issued by the court in which the action was pending. The defendant Taniska filed her answer claiming the money which had been placed with McCarthy, under the agreement, which, she alleged, Majkowski had broken and refused to perform. The other defendant, Majkowski, also filed his answer claiming, among other things, that the written contract was void, because he did not understand the nature and meaning of the agreement when he signed it, and also that at the time of making the contract he was under arrest and detained until by the force and duress of imprisonment he made and delivered the same. The court having heard the parties found the issues for Taniska, overruled the claim made by Majkowski and rendered

judgment for Taniska, and Majkowski appealed to this court.

Majkowski contends that the court erred in over-ruling his claim that the contract or agreement entered into between the defendant Taniska and Herman J. Weisman, her attorney, by the terms of which said Weisman agreed to bring and prosecute the action for breach of promise in favor of said Taniska, was void. Under the issues presented in this court we are not called upon to pass upon the legality of the agreement entered into between Taniska and one who was acting for her. Although made at about the same time as the one now under consideration, yet the transaction was between other parties, an independent matter, and it can have no material bearing here.

At least seven reasons of appeal directly relate to Majkowski's claim that the contract was given under duress and was therefore void. A contract in order to be valid must be the result of the free assent of the parties making it. The test in determining whether there was duress, is not so much the means by which the party was compelled to execute the contract, as it is the state of mind induced by the means employed, the fear which made it impossible for him to exercise his own free will. In *Galusha* v. *Sherman*, 105 Wis. 263, 277, 81 N. W. 495, 47 L. R. A. 417, there is a full dis-cussion of the subject. It is there said: "The making of a contract requires the free exercise of the will power of the contracting parties, and the free meeting and blending of their minds. In the absence of that, the essential of a contract is wanting; and if such absence be produced by the wrongful conduct of one party to the transaction, or conduct for which he is responsible, whereby the other party, for the time being, through fear, is bereft of his free will power, for the purpose of obtaining the contract, and it is thereby obtained,

such contract may be avoided on the ground of duress. There is no legal standard of resistance which a party so circumstanced must exercise at his peril to protect himself. The question in each case is, Was the alleged injured person, by being put in fear by the other party to the transaction for the purpose of obtaining an advantage over him, deprived of the free exercise of his will power, and was such advantage thereby obtained? If the proposition be determined in the affirmative, no matter what the nature of the threatened injury to such person, or his property, or the person or liberty of his wife or child, the advantage thereby obtained cannot be retained." See *Morse* v. *Woodworth,* 155 Mass. 233, 250, 251, 27 N. E. 1010; *Bestor* v. *Hickey,* 71 Conn. 181, 188, 41 Atl. 555; *Mills* v. *Swords Lumber Co.,* 63 Conn. 103, 105, 26 Atl. 689.

The record recites the facts at some length. They show that in making this contract there was a free exercise of the will power of Baleslaw Majkowski, and that there was a free meeting of the minds of both the contracting parties, with a full understanding of their rights and liabilities. The court below explicitly finds that in signing this agreement Baleslaw Majkowski acted understandingly, voluntarily, and without compulsion.

The defendant Majkowski complains because the trial court overruled his claim that his detention was not warranted by the writs issued in the bastardy proceedings, and in the action for a breach of promise to marry. It appears that these proceedings were in proper form and served by a duly-qualified officer. There is no claim or suggestion in the record that the charges made against Majkowski in both of these actions were not true as alleged, and it is fair to infer that these cases were regularly instituted for proper purposes, and with just cause. The arrest and deten-

tion of the defendant under such circumstances must have been legal.

The fact that McCarthy, the justice of the peace signing the writ in the action for a breach of promise to marry, and the warrant in the bastardy case, took part in the settlement of the questions at issue between the defendants, and charged $10 for his services, is not sufficient to avoid the contract because of duress. The court below heard the evidence upon this subject, and there is nothing in the record to show that these facts were not duly weighed and considered with the other circumstances appearing in evidence.

There is no error.

In this opinion the other judges concurred.