[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Defendant has moved to reopen the judgment in this dissolution action on the grounds that the stipulation signed by her on November 27, 1991 was the result of duress and undue influence.
At the hearing on the motion, defendant presented credible evidence that during their marriage, plaintiff did emotionally abuse defendant, feeding on her need for his approval and her lack of self-confidence. Especially credible was the testimony of troopers Mark and Kathleen Lauretano who witnessed Mr. Jenks' intimidating behavior and its effect on Ms. Jenks.
The stipulation was signed the day of a pre-trial with Judge Dranginis and is largely handwritten by counsel for plaintiff. Ms. Jenks' then counsel testified that Ms. Jenks, at that point, just wanted to get it over with; that while Ms. Jenks was not happy with the stipulation, she signed it anyway. Ms. Jenks testified that on November 27, her lawyer told her that the judge believed the proposal that Ms. Jenks receive 50% of the proceeds from the sale of the house was fair, that Ms. Jenks then felt that Mr. Jenks would continue to harass her, that her lawyer would not stand behind her, and that she was outnumbered.
Keeping in mind that courts should support rather than undermine private settlement of the financial affairs of estranged marital partners, see Hayes v. Beresford, 184 Conn. 558,568 (1981), and the dangers inherent in second guessing the evaluation of experienced counsel as to the capacity of the client to enter into an agreement, cf. Jackson v. Jackson, 2 Conn. App. 179 186-189 (1984), the evidence suggests that this case is one of those rare occasions where CT Page 3762 the defendant's agreement was the product of duress. As Justice Roraback pointed out in McCarthy v. Taniska, 84 Conn. 377,381 (1911), "The test in determining whether there was duress is not so much the means by which the party was compelled to execute the contract, as it is the state of mind induced by the means employed, the fear which made it impossible for him to exercise his own free will." Given the history of ultimatums issued without explanation which preceded the pretrial and the plaintiff's own behavior as it relates to the defendant, the court finds that the "agreement" was the product of duress. The court does find that the claim of undue influence is not supported by the evidence in that Mr. Jenks himself did not attempt to exert influence over Ms. Jenks during the months preceding November 1991. See Pickman v. Pickman, 6 Conn. App. 271,275 (1986). Since the stipulation was not the product of defendant's free will that portion of the judgment dealing with the disposition of property is set aside and reopened. The judgment dissolving the marriage, however, may stand.
SUSCO, JUDGE