[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF OPINION
This dissolution action began in August of 1992. Initially a series of motions were granted by the court, ex parte. A hearing on those motions, and others was held on September 21, 1992. Both sides were represented by counsel and an agreement was entered into the record signed by the parties. The case was transferred to Hartford Judicial CT Page 1687 District and a new round of motions were filed by each side.
The plaintiff filed a motion for contempt on October 29, 1992. The defendant filed a Motion for Contempt — Denial of Visitation, October 29, 1992; and a Motion to Modify Pendente Lite Order of October 19, 1992. A hearing was held on November 19, 1992 and continued to January 27, 1993 for conclusion.
At the hearing the defendant argued that the agreement of September 21, 1992 was entered into under duress. In examining the agreement the court finds an eight page, over twenty paragraphs agreement with at least six of the pages individually signed by the defendant. The agreement covers custody, an extensive visitation schedule, restrictions on travel for the children, an agreement to have a psychologist-psychiatrist do a custody evaluation, medical insurance, freezing of assets, payment of home expenses, division of stock and bond assets, payment of certain bills, an agreement that alimony go off and the matter be transferred to Hartford. At the hearings and negotiations surrounding the September 21 agreement defendant was represented by counsel.
A stipulation of agreement is to be interpreted according to contract principles, which involves an inquiry as to the intention of the parties at the time of the agreement. Kaplan v. Kaplan, 8 Conn. App. 114, 118, 510 A.2d 1024 (1986). For a contract to be valid it must have been freely entered. McCarthy v. Taniska, 84 Conn. 377, 381, 80 A. 84 (1911). A contract, therefore, is not valid if one party is put in fear by the other party for the purpose of obtaining an advantage over him. See McCarthy v. Taniska, supra.
The evidence here is paltry and insufficient to establish that the defendant entered into this agreement due to an element of fear. Duress was not the foundation of the agreement. Therefore, this court holds that the September 21, 1992 agreement is valid and enforceable.
Based upon the courts findings above the defendant's motions must be evaluated individually. Defendant's October 19, 1992 Motion for Contempt for denial of visitation is denied. Defendant's motion to Modify Pendente Lite Orders filed October 19, 1992 is denied. In denying the above motion this court finds that there has been no substantial change of CT Page 1688 circumstances since the agreement of September 21, 1992.
The plaintiff's motion for contempt is most troubling to this court. Paragraph 11 of the September 21 agreement states:
 The plaintiff and defendant shall equally divide the proceeds of all stock, commodities, bonds and mutual fund accounts (defendant's Schedule B). The plaintiff shall use her share of the proceeds to repay the credit card(s) cash advances she took in the amount of $13,783 plus interest thereon.
The financial affidavit submitted to the court on September 21, 1992 showed $31,005.00 worth of stocks, bonds, and mutual funds. The financial affidavit submitted by the defendant for this ruling shows a cash out of $27,950 of stocks, bonds, and mutual funds by the defendant. Further the plaintiff testified that she has not received any of the assets from the sale of items in the accounts. It is the courts finding that the defendant willfully and intentionally dissipated the assets that were subject of the September 21, 1992 agreement. He is therefore found in contempt of this court. While making a finding of contempt this court is reluctant to fashion financial relief at this moment. Since this case is in the pendente lite phase the court will defer relief to the trial judge to take the actions of the defendant into consideration in its trial orders. However, this court wants to be clear that all of the assets listed in paragraphs 4, A, B, C, E, F, G and H of the defendant's financial assets of his financial affidavit of January 27, 1993[1] are hereby ordered enjoined from any further activity of any kind without permission of the court. It should be noted that the order of December 16, 1992 (Barall, J.) with the order of 175 per week child support shall remain in effect.
Norko, J.