WILLIAM JENKS *v.* JANE JENKS
(14964)

PETERS, C. J., and CALLAHAN, BORDEN, KATZ and PALMER, Js.

Argued March 16—decision released May 2, 1995

*Steven H. Levy*, for the appellant (defendant).

*Charles F. Brower*, with whom was *Marcus G. Organschi*, for the appellee (plaintiff).

PETERS, C. J. The dispositive issue in this certified appeal is whether the Appellate Court properly found that the trial court had abused its discretion in opening a stipulated marriage dissolution decree on the ground of duress. We conclude that the evidence of record before the trial court was sufficient to sustain the finding of fact that underlay the trial court's exercise of its discretion. We therefore reverse the judgment of the Appellate Court.

The marriage between the plaintiff, William Jenks, and the defendant, Jane Jenks, was dissolved by the trial court, *Dranginis, J.*, in a judgment that incorporated by reference a joint stipulation of the parties. Within four months of the stipulated judgment, the

defendant moved to open it on the ground that she had entered into the stipulation under extreme emotional distress and duress. After an evidentiary hearing, the trial court, *Susco, J.*, granted the motion to open and set aside that part of the stipulated judgment that dealt with the disposition of the marital property. The trial court, *Pickett, J.*, thereafter rendered a judgment modifying the stipulated judgment by dividing the property of the parties and awarding the defendant periodic alimony for nine years. The plaintiff appealed from this modified judgment and from a subsequent order holding him in contempt for failing to make the specified payments of periodic alimony to the defendant. The plaintiff also appealed from the trial court's order prospectively awarding the defendant counsel fees to defend the plaintiff's appeal.

The Appellate Court concluded that the motion to open the stipulated judgment should have been denied. *Jenks* v. *Jenks*, 34 Conn. App. 462, 642 A.2d 31 (1994). Noting that the defendant had not challenged the terms of the stipulated judgment as being unfair or unreasonable; id., 469; the Appellate Court determined that she had failed to establish duress because there was an insufficient factual nexus between the plaintiff's acts of misconduct during the marriage of the parties and the circumstances of the parties at the time of the execution of the stipulated judgment. Id., 467. On this basis, the Appellate Court reversed the judgment modifying the stipulated judgment and concomitantly reversed the finding that the plaintiff was in contempt for failing to comply with the modified judgment.[1] Id., 473. We granted the defendant's petition for certification[2] and now reverse the judgment of the Appellate Court.

[1] The Appellate Court affirmed the award of counsel fees to the defendant and did not reach an evidentiary question concerning expert testimony.

[2] We granted certification to appeal limited to the following question: "Did the Appellate Court improperly conclude that the trial court abused

The principles that govern the opening of a stipulated judgment on the ground of duress are not in dispute. General Statutes § 52-212a and Practice Book § 326 vest discretion in the trial court to determine whether a judgment should be opened for cause. *Housing Authority* v. *Lamothe*, 225 Conn. 757, 766–67, 627 A.2d 367 (1993). A motion to open a stipulated judgment, when "grounded on mistake or duress, necessarily requires the court to make a factual determination before it can exercise its discretion to grant or deny the motion . . . ." Id., 769. In making its factual determination whether a stipulated judgment should be opened, the court must inquire into whether the decree itself was obtained by fraud, duress, accident or mistake. *Connecticut Pharmaceutical Assn., Inc.* v. *Milano*, 191 Conn. 555, 558, 468 A.2d 1230 (1983); *Celanese Fiber* v. *Pic Yarns, Inc.*, 184 Conn. 461, 466, 440 A.2d 159 (1981); *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 131, 429 A.2d 837 (1980). "A stipulated judgment . . . is not voidable on the ground that it was accepted with reluctance, so long as its procurement was not the result of fraud, duress, or mistake." *Sparaco* v. *Tenney*, 175 Conn. 436, 437–38, 399 A.2d 1261 (1978); *Bryan* v. *Reynolds*, 143 Conn. 456, 460–61, 123 A.2d 192 (1956); *Shaw* v. *Spelke*, 110 Conn. 208, 215, 147 A. 675 (1929). To conclude that a stipulated judgment resulted from duress, the finder of fact must determine that the misconduct of one party induced the party seeking to avoid the stipulated judgment to manifest assent thereto, not as an exercise of that party's free will but because that party had no reasonable alternative in light of the circumstances as that party perceived them to be. See *McCarthy* v. *Taniska*, 84 Conn. 377, 381–82, 80 A. 84 (1911); 1 Restatement (Second), Contracts § 175, especially comment b (1981).

its discretion in granting the defendant's motion to open a stipulated dissolution decree on the ground that the stipulated judgment had been entered into under duress?" *Jenks* v. *Jenks*, 230 Conn. 911, 645 A.2d 1015 (1994).

The trial court, *Susco, J.*, made the following findings of fact in support of its decision to open the stipulated judgment on the ground of duress. During the marriage between the parties, the plaintiff emotionally abused the defendant, "feeding on her need for his approval and her lack of self-confidence." The defendant agreed to the terms of the stipulation on the day of the pretrial conference with Judge Dranginis. The defendant signed the stipulation, the terms of which were contained in a draft that had largely been handwritten by counsel for the plaintiff, because she feared further harassment and wanted "to get it over with." Relying on *McCarthy* v. *Taniska,* supra, 84 Conn. 377, the court concluded: "Given the history of ultimatums issued without explanation which preceded the pretrial and the plaintiff's own behavior as it relates to the defendant, the court finds that the 'agreement' was the product of duress." Although the court also found that the plaintiff had not attempted to exercise undue influence over the defendant during the months preceding the pretrial, the plaintiff sought no further articulation of how this finding could be reconciled with the court's finding of duress. See Practice Book § 4051.

The Appellate Court rejected the trial court's finding of duress largely because it found untenable the defendant's argument, in that court, that duress affecting the power of one spouse to exercise free will, at any time during a marriage, would be sufficient to warrant the opening of any subsequent stipulated dissolution judgment. *Jenks* v. *Jenks,* supra, 34 Conn. App. 467. We agree that acceptance of so broadly stated a proposition would cast an unwarranted shadow on negotiated divorce settlements.

The issue before us is, however, a narrower one. The trial court's finding of duress reasonably can be construed to include a finding that the plaintiff's emotional abuse of the defendant immediately preceding the pre-

trial conference led her to believe that she had no real alternative but to sign the stipulated agreement when it was presented to her. Such a finding, if factually warranted, establishes the necessary nexus for a determination that the defendant's consent to the stipulated judgment was procured by the plaintiff's continuing duress. The question on appeal is whether the trial court's finding of duress was clearly erroneous in light of the evidence in the record as a whole. Practice Book § 4061. The finding is not reversible solely because, at the time of the rendering of the stipulated judgment, Judge Dranginis had canvassed the defendant to inquire whether she had executed the agreement voluntarily and also had concluded that the agreement was fair and reasonable.

The Appellate Court rejected the trial court's finding because it concluded that the record contained "no evidence of any duress remotely contemporaneous with the execution of the [stipulated] agreement." *Jenks* v. *Jenks*, supra, 34 Conn. App. 466. We disagree.

The trial court heard evidence from witnesses whom the court characterized as credible that, during the pendency of the dissolution proceedings, the plaintiff engaged in conduct that continued to interfere with the defendant's exercise of her free will. These witnesses who, as friends of both parties, were endeavoring to mediate the dispute, described the plaintiff as having engaged in threatening and intimidating behavior that caused the defendant to become quiet and withdrawn. During September and October, 1991, the process of negotiation repeatedly was interrupted by last minute changes and ultimatums from the plaintiff, which the defendant's former attorney later characterized as "mind games" on the part of the plaintiff. Even though there was little direct contact between the parties for the six weeks immediately preceding the date of the pretrial conference and the stipulated judgment, the

trial court reasonably could have inferred, from additional testimony presented by a mental health professional, that the defendant's will was overborne by the conduct described by the defendant and her witnesses. This evidentiary record, while concededly sparse, is sufficient to sustain the trial court's finding that the defendant's consent to the stipulated judgment was procured by duress.

The judgment of the Appellate Court is reversed and the case is remanded to that court for consideration of any preserved issue or issues not yet resolved by that court.

In this opinion the other justices concurred.