[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, CRM Consulting Ltd., ("plaintiff") has brought an action in two counts against defendants Meletios and Sophie Gianopoulos ("defendants"). Count one is entitled "breach of promissory note". Count two alleges unjust enrichment.
The defendants each filed separate but identical answers and asserted six identical special defenses: 1) and 2) Duress, 3) Lack of Consideration, 4) Quantum Meruit, 5) Predatory and Unfair Trade Practices, and (6) Payment.[1]
The plaintiff filed a motion to strike the defendants' first and second special defenses as to duress on the ground that the special defenses do not contain factual; allegations necessary to CT Page 2991 state a special defense of duress. The plaintiff also accompanied its motion to strike with a memorandum of law, and the defendants failed to file a memorandum in opposition as required by Practice Book § 155.[2]
"A motion to strike is the proper method of challenging the legal sufficiency of a special defense." Krasnow v. Christensen,40 Conn. Sup. 287, 288, 492 A.2d 850 (1985). "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992). "It is axiomatic that, in passing on a motion to strike based on a claim of failure to state a cause of action, we must take the facts alleged favorably to the pleader and view those facts in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." Schmidtv. Yardney Electric Corporation, 4 Conn. App. 69, 74,492 A.2d 512 (1985).
The plaintiff argues that the defendants' first and second special defenses must be stricken on the grounds that they do not contain factual allegations necessary to state a special defense of duress. In its supporting memorandum, the plaintiff gives five reasons why the defendants' special defenses must be stricken. First, the plaintiff contends that the defendants' first and second special defenses fail to allege facts to support that the defendants signed the note as a result of a pressing, controlling and immediate necessity. Second, the plaintiff contends that the defendants' first and second special defenses contain no allegations as to the importance of the mortgage restructure arrangement, nor do the defendants allege that the arrangement was an immediate necessity. Also, it is the plaintiff contention that the defendants' first and second special defenses contain no allegations surrounding the defendants' decision to execute the promissory note, and further, that the defendants' first and second special defenses fail to allege that an injury would have occurred if the arrangement had fallen through. Finally, the plaintiff argues that the defendants' first and second special defenses fail to allege that the defendants had no other options or avenues of escape other then by signing the note.
DEFENDANT'S FIRST SPECIAL DEFENSE
The defendants' first special defense averring duress, states CT Page 2992 that, on or about October 1995, the defendants were in the process of closing a mortgage restructure and workout arrangement with Shawmut Bank (Shawmut); that the mortgage restructure and workout arrangement with Shawmut was complex and that the defendants were relying upon the advice and counsel of M. William Grossman[3] (Grossman) and Mark Stern[4] (Stern). The defendants state that Grossman and Stern structured the arrangement with Shawmut so that Grossman and Stern would be in a position to terminate and cancel the Shawmut agreement, and threatened to do so, unless the defendants signed a promissory note.[5] The defendants claim that as a result of Grossman's and Stern's unequivocal threat to cause Shawmut to terminate the mortgage agreement, the defendants executed a promissory note to the plaintiff. The defendants claim that they signed said promissory note under great duress.
DEFENDANTS' SECOND SPECIAL DEFENSE
The defendants' second special defense averring duress also states that in October 1995, the defendants were in the process of restructuring certain loans and related mortgages held by Shawmut. They allege that they contacted Grossman to help them obtain better terms and financing for a restructure and workout of the loans and mortgages owed to Shawmut; that Grossman and his affiliates were unable to obtain better terms for the loans and mortgages but were able to obtain an option from Shawmut to purchase the notes and mortgages on terms substantially similar to those defendants could have obtained without the help of Grossman. Defendants claim that the terms of the option included a payment of forty thousand (40,000) dollars by defendants to Shawmut, but that neither Grossman nor his affiliates were able to obtain a reasonable and fair rate of funding in order to exercise the option. Upon learning of Grossman's failure to obtain favorable funding, the defendants found a third party interested in funding the purchase of the notes and mortgages from Shawmut, but Grossman and his affiliates refused to allow the willing third party to proceed with the financing or the restructure and workout and threatened to let the option expire unless the defendants executed the promissory note now in question. Finally, the defendants allege that they could not proceed with the workout and restructure without Grossman and his affiliates' consent, and that the defendants feared that if Grossman permitted the expiration of the option to purchase the notes and mortgages the $40,000 paid by the defendants would be forfeited. The defendants allege that as a result of this CT Page 2993 arrangement they perceived no alternative but to execute the promissory note in question and did so under great duress.
"A contract in order to be valid must be the result of the free assent of the parties making it. . . . In the absence of that, the essential of a contract is wanting; and if such absence be produced by the wrongful conduct of one party to the transaction, or conduct for which he is responsible, whereby the other party, for the time being, through fear, is bereft of his free will power, for the purpose of obtaining the contract, and it is thereby obtained, such contract may be avoided on the ground of duress" McCarthy v. Taniska, 84 Conn. 377 381-82,80 A. 84 (1911). In order for a party to demonstrate duress, it "must prove a [1] wrongful act or threat [2] that left the victim no reasonable alternative, and [3] to which the victim in fact acceded, and that [4] the resulting transaction was unfair to the victim." Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 549
n. 15, 661 A.2d 530 (1995) "The wrongful conduct at issue could take virtually any form, but must induce a fearful state of mind in the other party, which makes it impossible for [the party] to exercise . . . [its] own free will." Zebedeo v. Martin E. SegalCo., Inc., 582 F. Sup. 1394, 1417 (D.Conn. 1984).
In American Bank v. Mango, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 126053 (January 16, 1996, Pellegrino, J.), the court found that the defendant failed to allege sufficient facts to assert a special defense of duress. InMango, the defendant's special defense read in its entirety "Mr. Mango signed the `Use and Occupancy Agreement,' attached hereto as exhibit B as well as the `Purchase and Sale Agreement' attached hereto as Exhibit A, which constitute one agreement, under duress." American Bank v. Mango, supra. The court stated that "[a]lthough the defendant specifically refers to duress, he . . . fail[s] to raise the necessary factual predicate to sustain a valid special defense." Id.
However, in Berti v. Northeast Savings, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 456687 (December 9, 1993, Berger, J.), the court denied the defendant's motion to strike on the ground that the plaintiff had sufficiently alleged a claim of duress. In Berti, the defendant, Northeast Savings, issued a mortgage loan commitment to the plaintiff, Dennis F. Berti, in connection with the plaintiff's contract to purchase real property. The mortgage loan commitment had an option to convert the loan from a variable rate to a fixed CT Page 2994 rate mortgage loan. In reliance on this commitment, the plaintiff paid a deposit on the property and contracted with a truck rental agency to move his personal belongings to the property. At the closing the bank presented the plaintiff with a revised loan commitment in which the option to convert to a fixed rate mortgage had been eliminated. The plaintiff objected but was informed that he would have to accept the option to convert to a fixed interest rate.
The defendant moved to strike the count alleging duress on the ground that the plaintiff had failed to put forth a cause of action because the plaintiff was neither stripped of his free will nor was the defendant's conduct unlawful. In denying the defendant's motion to strike, the trial court determined that the "bank waited until the closing to present these unfavorable loan terms to the plaintiff. At such time, he was essentially forced to accept the new terms or suffer substantial financial losses. Thus, when viewed in the light most favorable to the pleader, the plaintiff has alleged some duress." Berti v. Northeast Savings,
supra.
The defendants' first and second special defenses allege facts from which some duress may necessarily be implied. The defendants first special defense states that "[a]s a direct result of Grossman's and Stern's unique relationship with the defendant[s] . . . and as a direct result of Grossman's and Stern's clear and unequivocal threat to cause Shawmut Bank, N.A. to abort and terminate the mortgage restructure arrangement unless the defendant[s] . . . executed the promissory note . . . the defendant[s] perceived no alternative but to execute the promissory note and the defendants did so under great duress . . . ." Unlike the bare assertion of duress in Mango, the defendants have set forward facts which, when viewed in a broad fashion, sufficiently state a special defense of duress.
The defendants second special defense states in pertinent part that "Grossman and his affiliate refused to allow the third party located by the defendant[s] to proceed with the financing of the restructure and workout, and stated that they would allow the option obtained by Grossman for $40,000, with the defendant[s'] . . . funds to expire, unless the defendant[s] . . . executed the promissory note." Again, the defendants have provided sufficient facts from which duress can be fairly inferred. CT Page 2995
The plaintiff's motion to strike the defendants' first and second special defenses as to duress is denied on the ground that the defendants have stated sufficient facts to allege the special defense of duress.
D'ANDREA, J.