[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants sought a three month extension of their residential lease, confident that the named defendant soon would be obtaining employment that would provide him with free housing. The plaintiff refused to enter into a three month lease, insisting instead on a one year lease. Not wishing to search for another apartment at that time of year and given their family's circumstances, the defendants Pamela and Eric Smith signed a lease extension for the period September 1, 1996 to August 31, 1997. They paid their rent through January, 1997 when they vacated the apartment. The plaintiff seeks damages for breach of the lease for the months of February, March, April and part of May when the CT Page 174 apartment was re-rented.
The defendants claim that they entered into the lease extension for a one year period under duress. "A contrast in order to be valid must be the result of the free assent of the parties making it." McCarthy v. Taniska, 84 Conn. 377, 381, 80 A. 84
(1911). A contract obtained by duress is unenforceable. Brotherhoodof Teamsters v. Purity Food Co., 17 Conn. Sup. 12, 13 (1950). However, "[t]o conclude that a [contract] resulted from duress, the finder of fact must determine that the misconduct of one party induced the party seeking to avoid the [contract] to manifest assent thereto, not as an exercise of that party's free will but because that party had no reasonable alternative in light of the circumstances as that party perceived them to be." Jenks v. Jenks,232 Conn. 750, 753, 657 A.2d 1107 (1995), citing McCarthy v.Taniska, supra, 84 Conn. 381-82; see also Second New Haven Bank v.Quinn, 1 Conn. App. 78, 82, 467 A.2d 1252 (1983) ("It is inherent in duress that the acts or threats claimed to constitute it should be wrongful."). Here, there was no "misconduct" by the plaintiff nor a loss of free will by the defendants. Compare Jenks v. Jenks, supra, 232 Conn. 754 (harassment); McCarthy v. Taniska, supra (agreement made in consideration of withdrawal of bastardy complaint and breach of promise to marry, held, to avoidable on account of duress).
The court further finds from the evidence that the plaintiff used reasonable efforts to mitigate its damages after the defendant abandoned the apartment. See General Statutes § 47a-11a.[1]
The plaintiffs do present evidence of hardship which might warrant equitable relief. However, this is an "action at law" — for damages. Mueller v. Rhein, 80 Conn. 26, 28, 66 A. 770 (1907) (action for rent is action at law); Muller v. White, 78 Conn. 495,497-98, 62 A. 756 (1906); Crepeau v. Gronager, 41 Conn. App. 302,315, 41 A.2d 1361 (1996). Generally, the court is not at liberty to "weigh the equities" in an action at law for breach of contract. Cf. A. Sangivanni Sons v. F. M. Floryan Co., 158 Conn. 467,474, 262 A.2d 159 (1969); Wolfe v. Wallingford Bank Trust Co.,122 Conn. 507, 191 A. 88 (1937); Giordano v. Giordano,39 Conn. App. 183, 214, 664 A.2d 1136 (1995); but see Kerin v. Udolf,165 Conn. 264, 269, 334 A.2d 434 (1973). "Equity will neither make nor ameliorate agreements, nor supply new terms to contracts not wisely and thoughtfully made." Thompsonville Scale Manufacturing Co. v.Osgood, 26 Conn. 16, 19-20 (1857). CT Page 175
The court finds that the plaintiff has not proven its claim that damages were visited upon the apartment beyond ordinary and reasonable wear and tear. See generally DeMatteo v. Villano, Superior Court, judicial district of New Haven, Housing Session, No. CVNH 9604-7493 (July 10, 1997), quoting DiBiaso v. Gargiulo, Superior Court, Judicial District of New Haven, Housing Session, No. CV N.H. 9009-3970 (July 9, 1993).
Under the lease as extended by the parties' agreement, the plaintiff is entitled to attorneys fees. Attorneys fees in the amount of $281.91 are awarded.
The court finds that the plaintiff sustained damages as a result of the defendants' breach of lease in the amount of $2,450.65, plus attorneys fees in the amount of $281.91. Deducting the defendants' security deposit and the interest earned thereon, judgment may enter for the plaintiff against the defendants in the amount of $1,986.34 plus taxable costs.
BY THE COURT
Bruce L. Levin Judge of the Superior Court