[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant was an employee of the plaintiffs and sustained CT Page 5714 a work related injury to his shoulder on February 2, 1990. The defendant received workers' compensation benefits for said injury and reached maximum improvement on June 24, 1991. In November of 1990, the defendant was seriously injured as a result of an automobile accident and any work performed by defendant after November, 1990, was not full-time work. Plaintiffs did not ordinarily provide health insurance for part-time workers.
The defendant's inability to work full-time after June, 1991, was related to his automobile accident. The defendant would work when he felt well enough to do so. This created continuity problems for plaintiffs. The plaintiffs, however, continued to provide health plan coverage for defendant as if he was a full-time employee. Defendant's work attendance continued to be unpredictable and resulted in an oral agreement between the plaintiff, Norman J. Voog, and the defendant in December of 1993 that the defendant would work a minimum of fifteen hours a week, and that full-time health insurance would be provided on the condition that defendant would pay 60 percent of the premium for said insurance retroactively from June, 1991, when defendant reach maximum improvement on his workers' compensation claim. It was further agreed that premiums in full would be advanced by plaintiffs until defendant received the proceeds of his automobile accident claim.
The oral agreement was put into written form in March of 1994 by plaintiffs and delivered to the defendant for his signature. Three months later, after being told by plaintiffs that if the defendant did not sign the agreement his part-time employment would be terminated, he signed the agreement and a fully executed copy was sent to defendant's counsel on June 1, 1994. No protest was forthcoming from defendant's counsel concerning the provisions of the agreement or the circumstances of its execution until this suit was brought.
Subsequent to the execution of the above described agreement, defendant's work attendance became less and less until October of 1994 when he stopped working completely without explanation to the plaintiffs. As a result of his total absence, he was terminated by letter dated November 15, 1994 and his health insurance was terminated on November 30, 1994.
Defendant's automobile case was settled on August 29, 1995, but defendant refused to allow his attorneys, Moore and O'Brien, to disburse the payment in accordance with the written agreement. CT Page 5715
The defendant has raised three theories to prevent the payment of the sum due under the terms of the written agreement.
The first claim is that the plaintiffs have violated §31-290a of the Connecticut General Statutes which provides that: "No employer who is subject to the provisions of this chapter shall discharge, or cause to be discharged, or in any manner discriminate against any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter.
The court finds no probative evidence of a violation of this statute by the plaintiffs. The motivation for defendant's discharge was clearly the failure of defendant to meet the attendance requirements of his part-time position. If anything, plaintiffs demonstrated great tolerance for the actions of the defendant.
The second claim is that defendant had no obligation to pay for health coverage because plaintiffs were obligated to continue that coverage in accordance with the provisions of § 31-284b
of the Connecticut General Statutes, entitled in relevant part: "Employer to continue insurance coverage . . . for employees eligible to receive workers' compensation."
The decision of the United States Supreme Court in Districtof Columbia v. Greater Washington Board of Trade, 506 U.S. 125,127, 121 L.Ed.2d 513 (1992) is dispositive of this claim. The court held that ERISA preempts state laws requiring employers who provide equivalent health insurance coverage for their employees to provide equivalent health insurance coverage for injured employees eligible for workers' compensation benefits. Thus, said statute is not applicable to thfacts of this case.
The third claim is that the agreement signed by the defendant is unenforceable due to the fact that it was signed under duress. The flaw in this claim is the fact that the provisions of the agreement were fashioned and agreed to orally some eight months before the written agreement was executed. Thus, there was a "free exercise of the will power of the contracting parties, and the free meeting and blending of their minds." McCarthy v.Taniska, 84 Conn. 377, 381 (1911). It was not unreasonable for the plaintiffs to insist, after paying for health insurance for a CT Page 5716 part-time employee, that the matter of reimbursement be in writing or in the alternative the relationship be terminated. Thus, the court is not persuaded that the signed agreement was a product of duress.
For the foregoing reasons, the court finds no merit to defendant's special defenses and counterclaim.
Judgment may enter in favor of the plaintiffs against the defendant in the amount of $13,189.45 plus legal interest from August 29, 1995, plus costs.
Stodolink, J.