[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thomas Sokol, brings this action to recover for personal injuries he claims to have sustained as a result of a February 13, 1996 automobile accident.
The accident, which involved the plaintiff's vehicle and one operated by the defendant, Virginia Clark, occurred on Federal Road in Brookfield.
The defendant has filed a motion to enforce the settlement agreement, claiming that agreement was reached on April 19, 1996, and all of the plaintiff's claims were resolved at that time.
On April 19, 1996, Thomas Sokol signed a release agreement (Exhibit A), discharging Virginia Clark and the Liberty Mutual Insurance Company from all liability for the February 13, 1996 accident.
Exhibit A recites consideration of $5000, representing $1000 paid on March 7, 1996, and $4000 paid the day Exhibit A was signed.
Both checks were cashed by the plaintiff, Thomas Sokol.
Exhibit A also obligated the Liberty Mutual Insurance Company and its insured, Virginia Clark, to pay medical bills relating to CT Page 7052 the accident for six weeks subsequent to April 19, 1996, and to defray the cost of an MRI examination, if the test was recommended by the treating chiropractor.
The parties agree that no MRI examination was either performed or recommended.
Medical bills from Boylan Chiropractic Office were paid by the Liberty Mutual Insurance Company through June 4, 1996, in the total sum of $1580.
The defendant, Virginia Clark, seeks to enforce the April 19, 1996 settlement agreement, and to preclude further litigation of the plaintiff's claim.
A hearing on the motion was held on June 1, 1999, at which time testimony was received from both Thomas Sokol, and Corey Olmstead, a Liberty Mutual employee.
Both witnesses agree that Olmstead, who was employed as a field representative in 1996, contacted the plaintiff shortly after the accident to discuss the claim.
Olmstead ascertained that the plaintiff was not represented by an attorney, and advised him that he could seek legal representation.
The meetings took place at the Sokol residence.
The plaintiff testified that he needed funds, and was receiving pressure from his wife to conclude the negotiations and sign the agreement.
Although the plaintiff testified on June 1, 1999, that he believed he would be entitled to an additional $1000 after having received $1000 on March 7, 1996, and $4000 on April 19, 1996, he never contacted the Liberty Mutual Insurance Company subsequent to April 19, to inquire about the funds allegedly due him.
In opposing the defendant's motion, the plaintiff claims to have been under duress when Exhibit A was signed, and that the agreement is, therefore, unenforceable.
 AGREEMENT NOT THE PRODUCT OF DURESS CT Page 7053
In order to establish duress and to render a contract unenforceable, the party seeking to avoid the contract must show that his assent to the agreement was not the product of his free will. Jenks v. Jenks, 232 Conn. 750, 753 (1995); 1 Restatement (Second), Contracts § 175, comment (b) (1981).
He must further demonstrate that he entered into the agreement involuntarily as the result of improper or coercive conduct by the other party. Young v. Data Switch Corp. ,231 Conn. 95, 114 (1994).
Here, the plaintiff has produced no evidence of coercive or improper conduct by Olmstead while acting as an employee of the Liberty Mutual Insurance Company, and the agent of Virginia Clark.
The factors which induced the plaintiff to sign the release involved economic necessity, and the family pressures and tensions produced by the need for immediate funds.
Although these factors may have combined to produce a bad and imprudent bargain, the plaintiff's decision was not the product of duress, and he is bound by the terms of the agreement (Exhibit A).
 FINDINGS
1. IT IS FOUND, that the plaintiff, Thomas Sokol, was involved in an automobile accident on February 13, 1996.
2. IT IS FOUND, that he received $1000 on March 7, 1996, and $4000 on April 19, 1996, at the time he signed Exhibit A.
3. IT IS FOUND, that a total of $5000 was paid by the Liberty Mutual Insurance Company on behalf of its insured, the defendant, Virginia Clark.
4. IT IS FOUND, that the Liberty Mutual Insurance Company paid to Boylan Chiropractic Offices moneys for services rendered to the plaintiff, Thomas Sokol, as a result of the automobile accident of February 13, 1996.
5. IT IS FOUND, that no MRI was ever performed, and none was recommended by the treating chiropractor. CT Page 7054
6. IT IS FOUND, that the Liberty Mutual Insurance Company, on behalf of the defendant, Virginia Clark, has fully performed its obligations consistent with Exhibit A.
7. IT IS FOUND, that Exhibit A was not the product of duress and that the plaintiff, Thomas Sokol, is bound by its terms and conditions.
8. IT IS FOUND, that a full and final settlement of the plaintiff's claims arising out of the February 13, 1996 automobile accident was reached on April 19, 1996 (Exhibit A), and that the agreement has been fully satisfied.
9. IT IS FOUND, that the defendant, Virginia Clark, has no further liability to the plaintiff, Thomas Sokol, arising out of the February 13, 1996 automobile accident.
Judgment may enter in favor of the defendant, Virginia Clark, and against the plaintiff, Thomas Sokol.
The defendant's motion to enforce the settlement agreement is granted.
Radcliffe, J.