[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Richard Cicero, has alleged in his complaint that he is a retired employee of the defendant Town of Suffield. He has alleged in his complaint essentially that the defendant has not paid and is not paying appropriate benefits and that emotional distress has been inflicted. The claim has been vigorously contested, and discovery was completed.
Trial was scheduled to begin on October 26, 1999. On October 25, 1999, the parties reported on the record before Judge Fineberg that an agreement had been reached. Attorney Muchinsky, representing Richard Cicero, stated that "[w]e have reached a settlement in this matter as of Thursday, I guess, or Thursday night. And — do we disclose the terms or . . ." Attorney Donnelly, representing the Town of Suffield, stated, "It's up to you. We're going to have an agreement, your Honor, whereby we will pay the plaintiff certain sums of money." Some of the details of the agreement were then discussed, including a plan to have the release held in escrow until the last payment was made.
The attorneys then represented that life insurance had been confirmed, and the court indicated that the case had to be withdrawn. At this point, the attorneys confirmed that the first payment would be made "as soon as possible", and Mr. Donnelly CT Page 4440 indicated that he expected the first payment would be made within thirty days. The court then stated, "Okay. Our standard rule is on settlements that where the case is withdrawn, if some problem comes up or it's not complied with, the case would be restored." Mr. Muchinsky stated, "So it's withdrawn without prejudice, your Honor?" The court replied, "Pardon?" and Mr. Donnelly said, "That's fine with the defendant, your Honor. We understand that to be the ground rule, and it protects the plaintiff, your Honor." Mr. Muchinsky had interspersed, "Right." There was no more colloquy on the record, and the withdrawal was filed on October 25, 1999.
By motion with a caption date of November 19, 1999, the defendant sought to restore the case to the docket. The motion is signed by Mr. Muchinsky, and it represents that after the agreement was reported on the record, "the plaintiff has subsequently rejected the proposed settlement and wishes to continue to litigate the matter through the Courts." Over the course of the next several months several brief hearings were held; during this time the plaintiff hired new counsel. The plaintiff refined his position: it now is that although he had indicated his assent to the settlement, which assent was communicated to the defendant and to the court by his attorney, his assent had been obtained through duress and the agreement should, therefore, be vitiated. An evidentiary hearing was held on March 28, 2000.
At the hearing, there was little dispute as to the framework of the settlement discussions. Sometime prior to October 21, there had been a pretrial at which an experienced judge had suggested the amount of $50,000 to settle the case. The defendant was willing to pay $30,000, and the plaintiff rejected this amount. On October 21, the plaintiff met with his attorney to prepare for trial. At this time, there were further settlement discussions between the attorneys, and the defendant's attorney agreed to offer the "judge's figure." The plaintiff still rejected the amount. The defendant offered another $10,000, apparently to be paid in the next fiscal year, and Mr. Muchinsky firmly and strenuously recommended this amount. Mr. Cicero finally agreed to CT Page 4441 settle the case for $60,000, and this was reported to Mr. Donnelly. Four days later, the agreement was reported on the record.
The dispute at the evidentiary hearing focused on the voluntariness of Mr. Cicero's assent to the settlement proposal. Mr. Cicero testified that he agreed only because Mr. Muchinsky, his attorney, said that he would not try the case if he turned down the offer of $60,000. Mrs. Cicero, his wife, testified that because Mr. Cicero had been ill she participated in the discussions, and she corroborated the testimony of her husband. Mr. Muchinsky testified[1] that when the additional $10,000 was offered, he strongly recommended that the case be settled for that amount, but he never said he refused to try the case if the offer were not accepted. All testified, in effect, that the case was being vigorously prepared when the offer was $30,000.
Referring to cases such as Jenks v. Jenks, 232 Conn. 750
(1995), and Sicaras v. Hartford, 44 Conn. App. 771 (1997), the plaintiff claims that the purported agreement should be set aside because he agreed to the proposal under duress, in the sense that he had no real choice. The agreement was not, therefore, a meeting of the minds, as the plaintiff had no free will to exercise. He additionally argues that even if there technically is not duress, in that the opposing party had nothing to do with the claimed coercion, it nonetheless would be unconscionable to enforce a settlement under these circumstances.
I agree that there may be circumstances under which a court ought not enforce a purported settlement agreement if it does not reflect the unfettered exercise of choice. I do not find, however, that the plaintiff sustained his burden of proof that there was coercion such that his will was overborne. Mr. Muchinsky testified that he strongly recommended taking the $60,000, but that he never said he would not try the case. Indeed, he had been preparing for trial. I believe that the plaintiff may be reading into the conversations more than there really was. Not only does the attorney's recollection of the events of October 21 make more sense, but he also testified that CT Page 4442 there were a number of conversations between October 21 and October 25, when the agreement was reported on the record, and Mr. Cicero never expressed a desire to renege in that period of time. I do not, then, find duress or unconscionability proved.
The colloquy on the record on October 25 is quite similar to that occurring in Audubon Parking Associates Ltd. Partnership v.Barclay Stubbs, Inc., 225 Conn. 804 (1993). Both sides reported unequivocally that there was a settlement agreement.[2] The court requested that a withdrawal be filed, quite apparently for administrative convenience. Although the withdrawal was to be "without prejudice",[3] the context of the conversation made it clear that the case could be restored to the docket if the settlement agreement could not be executed for some reason. As in Audubon, I think it is appropriate to restore the case to the docket, but for the purpose of enforcing the settlement agreement rather than unraveling it.
So ordered.
Beach, J.