[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On December 23, 1998, this court dissolved the marriage of the parties, entering judgment in accordance with a separation agreement signed by the parties on that date.
The defendant, Laura Ann Gleim, has moved to open and set aside the judgment of November 30, 2001 seeking new, retroactive orders of child support and alimony under the principles articulated in Billington v.Billington, 220 Conn. 212 (1991). In support of her claims the defendant has alleged:
 1. For several years prior to the date of the decree, plaintiff was self-employed as a telecommunications specialist, installing telephone systems in commercial facilities throughout southern New England.
 2. For at least the three years prior to the date of dissolution, plaintiffs self-employment income averaged at least $90,000 per year. His financial affidavits supplied to this court throughout 1998 support this contention.
3. On the date of the final hearing, December 23, 1998, plaintiff appeared at court and represented to the defendant and her counsel that he had given up his self-employment position and taken a job with a corporation known as Digi Comm., Inc. CT Page 7757
 4. He produced the first page of a letter dated December 14, 1998, to him from Digi Comm., Inc., asserting that he would be employed effective December 21, 1998, at a rate of $20 per hour. This equates to $800 gross weekly, or approximately $41,000 per year.
 5. The financial affidavit which he submitted to the court on December 23, 1998, was consistent with the Digi Comm. Letter.
 6. Child support and alimony orders entered based upon the representation that his annual income was $41,000.
 7. Subsequent to the date of the decree, defendant has discovered that Digi Comm., Inc., is a Massachusetts corporation owned, controlled, and operated by one Beth Ann Scherer, who became the second wife of the plaintiff shortly after December 23, 1998.
 8. At all times since December 23, 1998, plaintiff has continued in the same business with the same clients and the same schedule as he had at all times prior to December 23, 1998, and presumably with the same or greater income therefrom.
 9. The revenue from the plaintiffs enterprise is now being diverted to his new spouse via the corporation which she formed and of which he is the putative employee. In fact, the corporation is the alter-ego of the plaintiff, and his representation to the defendant and to this court that he had actually given up self-employment in favor of an employment for hire situation was a fraud upon the defendant and upon the court.
In the light of the plaintiffs alleged fraud the defendant has also moved for an award of attorney's fees and costs.
C.G.S § 52-212a and Practice Book (2002 Rev.) § 17-4 vest discretion in the trial court to determine whether a judgment should be opened for cause. Jenks v. Jenks, 232 Conn. 750, 753 (1995). "In making its factual determination whether a stipulated judgment should be opened, the court must inquire into whether the decree itself was obtained by fraud, duress, accident or mistake." Id. At 753.
The court's inquiry was in the form of a hearing held on May 22, 2002. As a result the court finds the following facts:
In the ten years of their marriage, the parties had four children who, in 1998, were ages 9, 7, 5 and 2. The defendant was primarily a homemaker; the plaintiff was a technician in the telecommunications industry, working for a corporation full-time, and part time as a CT Page 7758 self-employed technician working for hotels installing telephones, earning a salary of $54,000 and self-employed income of $36,000 in 1997.
The plaintiff left the defendant in early 1998 and began a relationship with a woman by the name of Beth Ann Scherer. They were married in 1999. At a pendente lite hearing in April of 1998 he reported income of $1194 weekly and he was ordered to pay $800 weekly in payments to his wife and children. In October of 1998 the plaintiffs counsel represented to the defendant's counsel that the plaintiff had lost his job and was uncertain of finding new employment. A motion to modify payments downward was filed. On December 23, 1998, when the parties appeared at the courthouse, the plaintiff produced the first page of a two page document indicating he had found employment as a technician with Digi Comm., Inc., of Raynham, Massachusetts.
The document indicated his hourly rate was $20 per hour or $41,000 per year; self employment was prohibited. Based upon his representation of income of $800 per week, the defendant agreed to child support of $325 per week (per the Connecticut Child Support Guidelines) and alimony of $175 weekly.
In the summer of 2000 the plaintiff moved to open and modify the judgment. At this time the defendant noted on certain tax forms that the plaintiff and his employer, Digi Comm. had the same telephone number and mailing address. The plaintiff firmly denied that he or his then wife Beth Ann Gleim owned any part of Digi Comm.
In the spring of 2001 the defendant visited the office of the Secretary of the Commonwealth of Massachusetts and found that Digi Comm., Inc. is a corporation formed in 1998 by Beth Ann Scherer, now Beth Ann Gleim, who is its president and sole shareholder.
At the hearing of May 22, 2002 evidence was introduced showing that the plaintiff is the company's manager and the sole regular employee. Digi Comm. installs commercial telephone systems. The customer base includes the same customers the plaintiff worked for prior to the divorce. In the last quarter of 1998, the first year of the corporation's existence, Digi Comm. grossed more than $58,000 in sales, with earnings of half that amount. If the income had been imputed to the plaintiff his income for the last quarter (13 weeks) would have exceeded $2000 weekly instead of $800 as shown on his sworn financial affidavit.
Since learning of the true nature of the relationship between the plaintiff and Digi Comm. the defendant has regularly set aside funds to employ an attorney for purposes of filing this motion to open the judgment. CT Page 7759
In order to obtain relief, a party seeking to set aside a dissolution judgment on the basis of fraud, must meet the following requirements: (1) there must be clear proof of the fraud; (2) there must be no unreasonable delay by either party after the fraud was discovered; and (3) there must be a substantial likelihood that a different result would occur at a new trial. Billington v. Billington, 220 Conn. 212, 218 (1991).
Fraud, including fraud by nondisclosure, has been summarized as follows:
 "Fraud involves deception practiced in order to induce another to act to her detriment, and which causes that detrimental action. Jackson v. Jackson, supra, 193. The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce the other party; and (4) that the other party did so act to her detriment. Id. Fraud by nondisclosure, which expands on the first three of these four elements, involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak. Id. 194. A lack of full and fair disclosure of such facts must be accompanied by an intent or expectation that the other party will make or will continue in a mistake, in order to induce that other party to act to her detriment. Id.
Gelinas v. Gelinas 10 Conn. App. 167, 173 (1967).
The court finds, by clear and convincing evidence, that the December 14, 1998 document purporting to be an arm's length employment agreement between Digi Comm. and the plaintiff was created solely to hide his true and actual financial status as of December 23, 1998. The corporate veil may be pierced to prove that the corporation is the alter ego or instrumentality of its owner. Litchfield Asset Management Corporation v.Howell, 70 Conn. App. 133 (2002). If the defendant had known the document came from a company owned solely by the plaintiffs then fiancee, Beth Ann Scherer, its credibility would have been in serious doubt. (At the hearing page 2 of the document was introduced. It is purportedly signed by a witness, Claudia Owens, as well as the plaintiff It was suggested, although the court makes no such finding, that Beth Ann Scherer and Claudia Owens are one and the same person.) The plaintiffs counsel, CT Page 7760 Attorney James Mark, testified that he had no knowledge of Ms. Scherer's relationship with Digi Comm.
The defendant discovered this fraud by nondisclosure in the spring of 2001. She saved money for an attorney and filed her motion to open dated November 30, 2001. She is not guilty of delay in bringing this action.
The court further finds that there is a substantial likelihood that a different result relative to an award of alimony and child support would occur at a new trial. The orders of December 23, 1998 were based upon weekly income of $800 without consideration of any self-employment income per the Digi Comm. letter. It is likely, although the court makes no finding, that the plaintiffs income was at least equal to his 1997 income, which served as the basis for the April 1998 financial orders.
The judgment is opened and set aside as to the financial orders only, pending a new trial. After a review of the financial exhibits the defendant is awarded counsel fees in the amount of $5000 pursuant to C.G.S. § 46b-62 and the criteria set forth in C.G.S. § 46b-82.
 ___________________ Potter, J.