[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The following facts are not in dispute. On June 25, 1995, the plaintiff, Linda Bourquin, was a passenger on a motorcycle that was involved in an accident with an automobile driven by the defendant, Robin Vuto. Vuto's insurance carrier, Allstate Insurance Company, assigned Mary Beth Krawiec as the claims representative to negotiate CT Page 4875 a settlement with Bourquin.
Sometime in May, 1997, Bourquin spoke with Krawiec about the possibility of settling her claim with Allstate. Also in May, 1997, Bourquin spoke with an attorney requesting that he contact Krawiec and "look into" her case. Shortly thereafter, the attorney informed Krawiec that he was "looking into" the case and left his telephone number with her.
On June 13, 1997, Krawiec spoke with Bourquin and successfully negotiated a settlement in the amount of $13,805.60. Krawiec subsequently sent a Release of All Claims form to Bourquin for her signature. On June 19, 1997, Bourquin signed the release and returned it to Krawiec.
Upon returning from military service, for which he served from June 13, 1997, through June 19, 1997, the attorney that was "looking into" Bourquin's claim advised her that the settlement was low and that she should file suit in order to preserve her rights. Bourquin agreed, and on June 24, 1997, Deputy Sheriff Thomas J. Burke served a writ, summon and complaint in the hands of Robin Vuto, thereby commencing this action. Bourquin returned the settlement check to Allstate upon receipt thereof. On February 1, 2000, Vuto filed this motion for summary judgment.
Practice book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A material fact is a fact that will make a difference in the result of the case." Lunn v. Cummings Lockwood, 56 Conn. App. 363,369, ___ A.2d ___ (2000), citing Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, 573 A.2d 699 (1990). "The facts at issue are those alleged in the pleadings." Id., citing Plouffe v. NewYork, New Haven Hartford R. Co., 160 Conn. 482, 489, 280 A.2d 359 (1971).
"In deciding a motion of summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets in original; citations omitted; internal quotation marks omitted.) Witt v. St. Vincent'sCT Page 4876Medical Center, 252 Conn. 363, 368, ___ A.2d ___ (2000). "It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented . . ." (Citations omitted.) Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998).
The defendant, Vuto, moves for summary judgment on the ground that she is entitled to judgment as a matter of law because the undisputed facts demonstrate that the plaintiff, Bourquin, executed a full and final release of all claims arising out of their June 25, 1995, accident. Bourquin objects to motion on the ground that she executed the release under duress.
"The making of a contract requires the free exercise of the will power of the contracting parties, and the free meeting and blending of their minds. In the absence of that, the essential of a contract is wanting; and if such absence be produced by the wrongful conduct
of one party to the transaction . . . whereby the other party, for the time being, through fear, is bereft of his free will power, for the purpose of obtaining the contract, and it is thereby obtained, such contract may be avoided on the ground of duress." (Internal quotation marks omitted; emphasis added.) McCarthy v. Taniska,84 Conn. 377, 381-82, 80 A. 84 (1911).
To prove duress, a party must prove "[1] a wrongful act or threat [2] that left the victim no reasonable alternative, and [3] to which the victim in fact acceded, and that [4] the resulting transaction was unfair to the victim." (Brackets in original.) Barbara Weisman,Trustee v. Kaspar, 233 Conn. 531, 549-50 n. 15, 661 A.2d 530 (1995), citing 2 D. Dobbs, Law of Remedies (2d Ed. 1993) c. 10, § 10.2(1), p. 635. The party seeking to avoid the contract by claiming duress must show that her assent to the agreement was not the product of her own free will; see Jenks v. Jenks, 232 Conn. 750, 753, 657 A.2d 1107
(1995); 1 Restatement (Second), Contracts § 175 (1981); and she must also demonstrate that she entered into the agreement involuntarily asthe result of improper or coercive conduct by the other party. SeeJenks v. Jenks, supra, 232 Conn. 753; Second New Haven Bank v. Quinn,1 Conn. App. 78, 82, 467 A.2d 1252 (1983); see also Young v. DataSwitch Corp., 231 Conn. 95, 114, 646 A.2d 852 (1994) (Norcott, J.
with whom Katz, J. joined, dissenting); 1 Restatement (Second), Contracts § 175 (1981); 13 S. Williston, Contracts (3rd Ed. 1970) § 1604, pp. 665-66. CT Page 4877
Bourquin contends that her duress was due to the fact that her attorney was away on military duty when Krawiec, the claims adjuster, informed her, on June 13, 1997, that she needed to settle her June 25, 1995, claim or she would not be entitled to any damages. Bourquin also claims that if she knew she had the option of filing suit, she never would have signed the release. However, such allegations do not amount to evidence of coercive or improper conduct by Vuto or her insurance company.
Bourquin alleges that she spoke with an attorney and asked him to "look into" her case sometime in May, 1997. She had not, however, retained his services. When Krawiec telephoned her on June 13, 1997, to negotiate a settlement, the statute of limitations was fast approaching. There are no allegations made that Krawiec told Bourquin not to telephone an attorney or that she could not file suit. Bourquin merely alleges that her attorney, then a sole practitioner, was away from June 13 through June 19. However, it was on June 19 that Bourquin executed the release. There is no explanation as to why she could not wait one additional day for her attorney to return before executing the document. Nor is there any explanation as to why she could not speak with another attorney if she felt that the settlement was unfair or she did not fully understand her rights. Although Bourquin may have felt pressured by the running of the statute of limitations, there is no evidence that her decision to sign the release was the product of duress brought about by the improper conduct of Vuto or her insurance earner.
Accordingly, Bourquin is bound by the terms of the signed release, and the defendant's motion for summary judgment is granted.
Potter, J.