MARY BERZINS *v.* DAVID BERZINS
(AC 30946)

Beach, Flynn and Schaller, Js.

Argued April 5—officially released July 27, 2010

*Linda C. Lehmann*, for the appellant (substitute defendant).

*Susan Boyan*, for the appellee (plaintiff).

SCHALLER, J. In this postjudgment marital dissolution action, the substitute defendant, Daniel King, administrator of the estate of David Berzins (administrator), appeals from the judgment of the trial court granting the motion filed by the plaintiff, Mary Berzins, for sanctions and attorney's fees. On appeal, the administrator claims that the court (1) lacked subject matter jurisdiction and (2) improperly granted the plaintiff's motion for sanctions and attorney's fees.[1] We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. On January 26, 2006, the court rendered judgment dissolving the marriage of the plaintiff and David Berzins. David Berzins failed to appear and was defaulted. He thereafter filed a motion to open the judgment of dissolution, and the court denied the motion. He then appealed to this court. On January 25, 2008, David Berzins died. On February 5, 2008, this court affirmed the judgment of the trial court. See *Berzins* v. *Berzins*, 105 Conn. App. 648, 938 A.2d 1281, cert. denied, 289 Conn. 932, 958 A.2d 156 (2008). By order dated February 7, 2008, this court stayed the appeal until there

---

[1] The administrator also initially claimed that the court improperly denied his motion for sanctions and attorney's fees. At oral argument, however, the administrator's appellate counsel withdrew this claim.

was compliance with General Statutes § 52-599.[2] On July 23, 2008, this court granted the administrator's motion to intervene and the plaintiff's motion to substitute the administrator as the defendant. It also treated the administrator's motion to dismiss as a motion to withdraw, which it then granted. The administrator then petitioned the Supreme Court for certification to appeal with regard to several issues, including the issue of whether he was a proper party to the dissolution action.[3]

[2] General Statutes § 52-599 provides: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person.

"(b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. If a party plaintiff dies, his executor or administrator may enter within six months of the plaintiff's death or at any time prior to the action commencing trial and prosecute the action in the same manner as his testator or intestate might have done if he had lived. If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed.

"(c) The provisions of this section shall not apply: (1) To any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, (2) to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants, or (3) to any civil action upon a penal statute."

[3] Specifically, the administrator's petition for certification to the Supreme Court stated the following questions for review: "(1) Did the appellate court act properly by treating the estate Administrator's Motion to Dismiss Appeal for lack of standing as a motion to withdraw appeal in this postjudgment family matter . . . (2) Was the appellate court without authority when it determined to treat the estate Administrator's Motion to Dismiss Appeal as a motion to withdraw appeal without addressing the Administrator's jurisdictional issue of standing in this postjudgment family matter . . . (3) Did the appellate court correctly determine that a deceased party's representative, who has intervened in a postjudgment family matter, has standing to withdraw . . . the deceased party's family relations appeal without addressing the Administrator's Motion to Dismiss Appeal based on lack of standing [and] (4) Was the appellate court correct in granting the plaintiff's motion to substitute the Administrator, c.t.a. in place of the deceased defendant while granting the Administrator's Motion to Intervene on behalf of

The Supreme Court denied certification. See *Berzins* v. *Berzins*, 289 Conn. 932, 958 A.2d 156 (2008). Thereafter, the administrator filed a motion to enforce a postjudgment agreement. Various motions were filed in the trial court, which culminated in the plaintiff's filing a motion for sanctions and attorney's fees. The court granted the plaintiff's motion for sanctions and attorney's fees, and this appeal followed. Additional facts will be set forth as necessary.

I

The administrator first claims that the trial court lacked subject matter jurisdiction. Specifically, the administrator argues that he improperly was substituted as a defendant, and, therefore, the plaintiff lacks standing to continue this action against him.[4] We determine that the administrator's claim is barred by collateral estoppel because he previously litigated this issue before us unsuccessfully in connection with the plaintiff's motion for substitution, his application for leave to intervene and his motion to dismiss.[5]

---

the deceased defendant for the limited purpose of filing a Motion to Dismiss Appeal in this postjudgment family appeal."

[4] The administrator also argued that the trial court failed to address his claim of lack of subject matter jurisdiction. The administrator argued before the trial court "[t]he propriety of including the estate administrator as a party." This court and not the trial court, substituted him as the defendant. Therefore, it was proper for the trial court not to address "the propriety" of our orders and the administrator's claim that the court lacked subject matter jurisdiction is barred by collateral estoppel, as more fully discussed in part I of this opinion.

[5] We note that "[t]his court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. . . . In certain circumstances, we have, however, recognized that this principle of validity must be tempered by the countervailing force of the principle of finality. The modern law of civil procedure suggests that even litigation about subject matter jurisdiction should take into account the importance of the principle of the finality of judgments, particularly when the parties have had a full opportunity originally to contest the jurisdiction of the adjudicatory tribunal." (Citations omitted; internal quotation marks omitted.) *Daley* v. *Hartford*, 215 Conn. 14, 27–28, 574 A.2d 194, cert. denied, 498 U.S. 982, 111 S. Ct. 513, 112 L. Ed. 2d 525 (1990).

"We begin by setting out the doctrines of res judicata and collateral estoppel. Claim preclusion (res judicata) and issue preclusion (collateral estoppel) have been described as related ideas on a continuum. . . . [W]e have observed that whether to apply either doctrine in any particular case should be made based upon a consideration of the doctrine's underlying policies, namely, the interests of the defendant and of the courts in bringing litigation to a close . . . and the competing interest of the plaintiff in the vindication of a just claim. . . . The judicial doctrines of res judicata and collateral estoppel are based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate. . . .

"The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. . . . If the same cause of action is again sued on, the judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made. . . . Res judicata bars not only subsequent relitigation of a claim previously asserted, but subsequent relitigation of any claims relating to the same cause of action . . . which might have been made. . . .

"Collateral estoppel, or issue preclusion, is that aspect of res judicata which prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties upon a different claim. . . . Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between

the same parties in any future lawsuit. . . . Issue preclusion arises when an issue is actually litigated and determined by a valid and final judgment, and that determination is essential to the judgment." (Citations omitted; internal quotation marks omitted.) *Massey* v. *Branford*, 119 Conn. App. 453, 464–65, 988 A.2d 370, cert. denied, 295 Conn. 921, 991 A.2d 565 (2010).

The administrator previously challenged the issue of whether he properly was substituted as a defendant. After the death of David Berzins, the following motions were pending before this court: the plaintiff's motion for substitution, the administrator's application for leave to intervene and the administrator's motion to dismiss. The administrator did not file an opposition to the plaintiff's motion for substitution. The administrator, in his motion to dismiss, argued that the underlying motion to open the dissolution action and the appeal from that judgment abated with the death of David Berzins and sought dismissal of the appeal retroactively to the time of David Berzin's death. In deciding those motions, this court determined that the administrator was the proper party to be substituted in this action and that the plaintiff's action did not abate upon the death of David Berzins. See General Statutes § 52-599. The administrator did not file a motion for reconsideration or reconsideration en banc of this court's orders. The administrator thereafter unsuccessfully petitioned the Supreme Court for certification to appeal.

The administrator is now attempting to litigate the same issue of lack of subject matter jurisdiction again in this appeal. Whether the administrator properly was substituted as a party and whether subject matter jurisdiction exists in a court of this state already have been litigated and decided by this court. The subject matter jurisdiction of the trial court was resolved by this court's prior rulings. The administrator, in challenging the subject matter jurisdiction of the trial court in this appeal,

in effect is challenging the prior ruling of this court as to subject matter jurisdiction. Accordingly, the administrator is barred from raising this claim on appeal based on the principles of collateral estoppel.

II

The administrator next claims that the trial court improperly granted the plaintiff's motion for sanctions and attorney's fees. Specifically, the administrator argues that the court abused its discretion in its award of attorney's fees because it was against the weight of the evidence.[6] We disagree.

To resolve the administrator's claim, we begin by setting forth the relevant legal principles and the standard of review. The court found that the administrator engaged in egregious litigation misconduct and awarded the plaintiff attorney's fees pursuant to *Ramin* v. *Ramin*, 281 Conn. 324, 915 A.2d 790 (2007).[7] "A decision to award counsel fees in a marital dissolution dispute ordinarily is based on an appraisal of the respective

---

[6] The administrator also claimed that the court improperly excluded evidence during the hearing on the plaintiff's motion for sanctions and attorney's fees. It is unclear from the administrator's appellate brief what evidence he claimed was excluded improperly. Specifically, the administrator states: "Prior to the March 18 hearing, the [administrator] timely supplied the trial court with a 'Defendant's Hearing Management Memorandum Per Standing Order of the Court' containing, essentially, an offer of proof. However, most of the evidentiary documents contained therein were ruled 'not relevant' and inadmissible by the trial court." The administrator does not detail the evidence that was excluded by the court and merely asserts that the "excluded evidence" prejudiced his motion for sanctions and his defense of the plaintiff's motion for sanctions and attorney's fees. We, therefore, decline to address this claim. See *Cooke* v. *Cooke*, 99 Conn. App. 347, 353, 913 A.2d 480 (2007) ("[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief" [internal quotation marks omitted]).

[7] We note that the administrator has argued in his brief that the "review of sanctions against a party are governed by the standards set forth in . . . *Maris* v. *McGrath*, 269 Conn. 834, 850 A.2d 133 (2004)," and that the "record contains no clear and convincing evidence amounting to bad faith on the part of [the administrator]." In *Maris*, the court recognized both the American rule and the bad faith exception to the rule. Specifically, the court stated: "As a substantive matter, [t]his state follows the general rule that,

financial ability of each party to pay his or her own fees. See General Statutes § 46b-62[8] . . . . Where, however, 'a party has engaged in egregious litigation misconduct that has required the other party to expend significant amounts of money for attorney's fees, and where the court determines, in its discretion, that the misconduct has not been addressed adequately by other orders of the court, the court has discretion to award attorney's fees to compensate for the harm caused by that misconduct, irrespective of whether the other party has ample liquid assets and of whether the lack of such an award would undermine the court's other financial orders.' "[9] (Citation omitted.) *LaBossiere* v. *Jones*, 117

except as provided by statute or in certain defined exceptional circumstances, the prevailing litigant is ordinarily not entitled to collect a reasonable attorney['s] fee from the loser. . . . That rule does not apply, however, where the opposing party has acted in bad faith. . . . It is generally accepted that the court has the inherent authority to assess attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. . . . This bad faith exception applies, not only to the filing of an action, but also in the conduct of the litigation. . . . It applies both to the party and his counsel. . . . Moreover, the trial court must make a specific finding as to whether counsel's [or a party's] conduct . . . constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers to impose attorney's fees for engaging in bad faith litigation practices." (Citations omitted; internal quotation marks omitted.) Id., 844–45. In the present case, the court specifically granted the plaintiff's motion for attorney's fees pursuant to *Ramin*, and the award was not based on the bad faith exception. Therefore, we will address whether the court abused its discretion pursuant to *Ramin*.

[8] General Statutes § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse . . . to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in section 46b-82. . . ."

[9] We note that the court in *Ramin* emphasized that the purpose of the award of attorney's fees was to compensate an innocent party for having had to bear the burden of expenses incurred as a result of the other party's misconduct. Specifically, the court stated: "The aim of the expansion [of *Maguire* v. *Maguire*, 222 Conn. 32, 608 A.2d 79 (1992)] is to prevent the innocent party from being unfairly burdened. The fact that the result may also deter the wrongdoer from benefiting from his egregious litigation misconduct does not convert an award under the expansion to a sanction. It simply reallocates the burden for the increased fees to the party responsible for causing them." *Ramin* v. *Ramin*, supra, 281 Conn. 358.

Conn. App. 211, 213, 979 A.2d 522 (2009). The decision of whether a party has engaged in egregious litigation misconduct is within the discretion of the court. "Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Hartford Steam Boiler Inspection & Ins. Co.* v. *Underwriters at Lloyd's & Cos. Collective*, 121 Conn. App. 31, 61, 994 A.2d 262 (2010).

The following additional facts are relevant for our resolution of the administrator's claim. On November 10, 2008, the administrator filed a motion to enforce a postjudgment agreement of the parties.[10] On November 12, 2008, the plaintiff filed a motion to transfer the real property awarded to her in the dissolution judgment. The administrator objected to the transfer, claiming that the plaintiff had not given him a note and mortgage as required by the judgment. The administrator then served various discovery requests on the plaintiff and her bank. The plaintiff filed a motion to quash the discovery and for a protective order and attorney's fees. The administrator filed a motion to transfer pursuant to General Statutes § 46b-2. On December 15, 2008, the court, *Abery-Wetstone, J.*, granted the plaintiff's motions and ordered that $500 in attorney's fees be awarded to the plaintiff. The administrator filed a motion for reconsideration, which the court denied on

---

[10] Specifically, on June 25, 2007, a postjudgment agreement was entered into between the plaintiff and David Berzins. The plaintiff and David Berzins had a dispute concerning certain personal property in possession of the plaintiff at the marital home, and the plaintiff applied for a temporary restraining order against David Berzins. The parties then agreed that the plaintiff would not pursue the restraining order and that the plaintiff would not destroy or otherwise dispose of any of the disputed property located at her residence.

December 23, 2008. On January 12, 2009, the administrator filed a motion to correct and to vacate the order of attorney's fees. The administrator then filed a motion for a declaratory judgment and a motion to compel postjudgment. On February 27, 2009, the plaintiff filed a motion for sanctions and attorney's fees. On March 17, 2009, the administrator filed motion for sanctions. On March 20, 2009, the court, *Shluger, J.,* issued its memorandum of decision, denying the administrator's motion for sanctions, motion to enforce the postjudgment agreement of the parties, and motion to correct and to vacate the order of attorney's fees, and granted the plaintiff's motion for sanctions and attorney's fees. The court found that the administrator "has filed numerous and often duplicative motions aimed at recovering personal property awarded to and in the possession of the plaintiff." Specifically, the court found that the "plaintiff argued convincingly that she has spent enormous amounts of money in attorney's fees defending the [administrator's] motions, which the court [found] to be frivolous." The court also found that "each of the [administrator's] motions were either withdrawn or resolved in the plaintiff's favor. For example, the [administrator's] motion for a declaratory judgment, motion to vacate the order of attorney's fees, motion to enforce the postjudgment agreement and motion to transfer to the civil docket have no basis in the law." The administrator then filed a motion for reconsideration, which was denied by the court on April 9, 2009.

On the basis of our review of the record, we conclude that the court reasonably could have concluded that the administrator engaged in egregious litigation misconduct. The administrator's motion for a declaratory judgment and motion to vacate the order of attorney's fees essentially were duplicative motions. The motion for a declaratory judgment concerned the issue of the

plaintiff's standing to continue this action based on the death of David Berzins, which as discussed in part I of this opinion, previously had been litigated and decided by this court. As the memorandum of decision notes, the administrator admitted that his motion to correct and to vacate the order of attorney's fees was his second motion for reconsideration filed challenging the court's order requiring him to pay the plaintiff $500 for having filed postjudgment discovery and subpoenas without good cause. The record supports the court's finding that the administrator's motion to transfer the case to the civil docket pursuant to § 46b-2[11] was frivolous and the administrator's motion to enforce the postjudgment agreement was resolved in the plaintiff's favor.[12] On the basis of the foregoing, we conclude that the court did not abuse its discretion in awarding the plaintiff attorney's fees.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[11] General Statutes § 46b-2 provides: "All proceedings involving a family relations matter shall be first placed on the family relations docket of the Superior Court; and except for juvenile matters which are provided for in section 46b-133, the judge before whom such proceeding is brought, may transfer such matter to the criminal or civil docket of said court if he deems that such docket is more suitable for the disposition of the case. Any case so entered or transferred to either docket shall be proceeded upon as are other cases of a like nature standing on such docket."

[12] We note that the administrator's motion to disqualify Judge Abery-Wetstone was granted by her. Even though the court's statement that "each of the [administrator's] motions were either withdrawn or resolved in the plaintiff's favor" is technically incorrect, this factual error was harmless, and we find that there are sufficient facts to support the court's ultimate conclusion that the administrator engaged in egregious litigation misconduct. See Lambert v. Donahue, 78 Conn. App. 493, 507, 827 A.2d 729 (2003) ("Where . . . some of the facts found [by the trial court] are clearly erroneous and others are supported by the evidence, we must examine the clearly erroneous findings to see whether they were harmless, not only in isolation, but also taken as a whole. . . . If, when taken as a whole, they undermine appellate confidence in the court's fact finding process, a new hearing is required." [Internal quotation marks omitted.]).