******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## JANET H. FOISIE *v.* ROBERT A. FOISIE
## (SC 20384)

D'Auria, Mullins, Kahn, Ecker and Vertefeuille, Js.

*Syllabus*

Pursuant to statute (§ 52-599 (b)), a civil action or proceeding, including a dissolution action, shall not abate by reason of the death of any party but may be continued by or against the executor or administrator of the deceased party, and, if a defendant dies, the plaintiff, within one year after receiving notification of the defendant's death, may apply for an order to substitute the defendant's executor or administrator in the place of the defendant.

Pursuant further to statute (§ 52-599 (c) (1)), substitution under § 52-599 (b) is precluded when the purpose or object of the civil action is defeated or rendered useless by the death of a party.

The plaintiff appealed from the trial court's denial of her motion to substitute the coexecutors of the estate of R, the defendant and the plaintiff's former husband, pursuant to § 52-599 (b), in place of R. Approximately four years after the marriage of the plaintiff and R had been dissolved, and while R was still living, the plaintiff filed a motion to open the judgment of dissolution on the ground of fraud, claiming that R wilfully had failed to disclose assets he held in offshore accounts. The plaintiff and R stipulated that the judgment could be opened for the limited purpose of conducting discovery regarding the plaintiff's allegations, but, prior to complying with the court's discovery orders, R died. At the time of R's death, the motion to open was pending and the dissolution judgment remained open. In denying the plaintiff's motion to substitute, the trial court concluded that R's death defeated or rendered useless the underlying motion to open the dissolution judgment, and, thus, substitution of the coexecutors as defendants was prohibited under § 52-599 (c) (1). The court reasoned that, if the plaintiff's motion to open were granted, the marriage would be reinstated but would have automatically dissolved on the date of R's death pursuant to statute (§ 46b-40). Accordingly, the court determined, it could not again dissolve the marriage and redistribute the financial assets, as the plaintiff had requested in her motion to open. On appeal, the plaintiff claimed that R's death did not defeat or render useless her motion to open the dissolution judgment and thereby prohibit substitution of the coexecutors as defendants under § 52-599. *Held* that the trial court improperly denied the plaintiff's motion to substitute as defendants the coexecutors of R's estate: substitution of an executor or administrator for a deceased defendant is permitted under § 52-599 (b) when the action or proceeding to which the deceased defendant is a party is pending, and, in the present case, the plaintiff's motion to open was pending before the trial court at the time of R's death; moreover, when a motion to open a dissolution judgment on the basis of financial fraud, such as the plaintiff's motion, seeks to open that judgment only for the purpose of reconsideration of the financial orders, the granting of that motion does not reinstate the marriage and, thus, does not defeat or render useless the underlying divorce proceeding; in the present case, although the plaintiff did not specifically request, in her motion to open, that the trial court open the dissolution judgment for the limited purpose of reconsideration of the financial orders, the allegations in that motion and the supporting memorandum of law made clear that the plaintiff was seeking to have the court open the judgment for that limited purpose rather than for the purpose of reinstating the marriage, and, therefore, contrary to the trial court's conclusion, substitution was not precluded under § 52-599 (c) (1).

Argued January 22—officially released April 27, 2020*

*Procedural History*

Action for the dissolution of marriage, and for other relief, brought to the Superior Court in the judicial district of New London at Norwich and tried to the court,

*Hon. Joseph J. Purtill,* judge trial referee; judgment dissolving the marriage and granting certain other relief; thereafter, the court, *Diana, J.,* granted the plaintiff's motion to open the judgment in accordance with the parties' stipulation; subsequently, the court, *Carbonneau, J.,* denied the plaintiff's motion to substitute Sir Clare Roberts et al., coexecutors of the estate of Robert A. Foisie, as the defendants, and the plaintiff appealed. *Reversed in part*; *further proceedings.*

*Campbell D. Barrett,* with whom were *Johanna S. Katz* and, on the brief, *Jon T. Kukucka,* for the appellant (plaintiff).

*Janet A. Battey* and *Aidan R. Welsh* filed a brief for the Connecticut Chapter of the American Academy of Matrimonial Lawyers as amicus curiae.

*Opinion*

D'AURIA, J. In this appeal, we are asked to decide for the first time whether a party to a dissolution of marriage action may substitute the executor or administrator of the estate of a deceased party in the place of the decedent under General Statutes § 52-599 when the pending civil proceeding seeks to open a judgment of dissolution on the basis of financial fraud. The plaintiff, Janet H. Foisie, claims that the trial court improperly denied her motion to substitute the coexecutors of the estate of the defendant, Robert A. Foisie,[1] her former husband, in his place. Specifically, she argues that the trial court incorrectly determined that, pursuant to § 52-599 (c), the defendant's death defeated and rendered useless her underlying motion to open the judgment of dissolution, thereby prohibiting substitution under § 52-599 (b). The trial court ruled that granting the motion to open would reinstate the parties' marriage, the reinstated marriage automatically would be dissolved under General Statutes § 46b-40 due to the defendant's death, and, thus, the reopened action for dissolution would abate, preventing the court from granting the plaintiff any relief. We disagree and therefore reverse in part the judgment of the trial court.

The following procedural history is relevant to our review of the plaintiff's claim. The trial court dissolved the parties' marriage in 2011. The judgment of dissolution incorporated a separation agreement entered into by the parties, which included financial orders. Approximately four years later, the plaintiff moved to open and set aside the judgment of dissolution on the ground of fraud or, alternatively, on the ground of mutual mistake. Specifically, the plaintiff alleged that the defendant had failed to disclose assets totaling several million dollars held in bank accounts in Switzerland.[2] The plaintiff requested that the court open and set aside the judgment of dissolution and hold a new trial on all financial issues. In her supporting memorandum of law, she argued that "[t]he defendant wilfully and purposefully misrepresented the value of marital assets by failing to disclose the existence and value of his offshore holdings and thereby secured the stipulated dissolution judgment by means of direct and calculated fraud. . . . Law and equity require that the stipulated dissolution judgment be opened and vacated on such grounds, so that a fair division of the parties' assets may be had."

The parties stipulated that the judgment of dissolution could be opened for the limited purpose of conducting discovery regarding the plaintiff's allegations of fraud.[3] Despite this stipulation, the defendant failed to produce any discovery and failed to comply with the trial court's discovery orders, leading the court to hold him in contempt and to issue multiple financial sanctions. Prior to complying with the discovery orders, the defendant died, nearly seven years after the judgment

of dissolution was rendered, while the motion to open was pending and the dissolution judgment remained open for the limited purpose of conducting discovery.

After the defendant's death, the plaintiff moved to substitute the coexecutors of the defendant's estate in place of the defendant pursuant to § 52-599.[4] The trial court denied the plaintiff's motion to substitute. The court explained that, pursuant to § 52-599 (c), to substitute the executors of the estate of a deceased party in place of the party, the pending civil action or proceeding must not be defeated or rendered useless by the death of the party. The trial court determined that, if the plaintiff's motion to open the dissolution judgment were granted, the parties' marriage would be reinstated. Because the parties' reinstated marriage would have automatically dissolved on the date of the defendant's death, pursuant to § 46b-40,[5] nearly seven years after the dissolution judgment had been rendered, the court reasoned that it could not again dissolve the parties' marriage and redistribute the financial assets, as the plaintiff requested in her motion to open. Thus, the trial court concluded that the motion to open was defeated or rendered useless, and, therefore, it had to deny the motion to substitute.

The plaintiff appealed to the Appellate Court from the trial court's denial of the motion to substitute. The appeal was transferred to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2.

The plaintiff argues that the trial court incorrectly concluded that opening the dissolution judgment would reinstate the parties' marriage, thereby defeating the underlying motion to open and prohibiting substitution. She argues that the granting of a motion to open a judgment of dissolution for purposes of reconsidering the financial orders does not reinstate the parties' marriage and, thus, does not abate upon the death of a party. As a result, she contends, the exceptions enumerated in § 52-599 (c) do not apply, but, rather, § 52-599 (b) permits substitution in the present case.[6]

We agree that when a motion to open a dissolution judgment on the basis of financial fraud seeks to open the judgment only for the limited purpose of reconsideration of the financial orders, granting the motion does not reinstate the party's marriage and, thus, does not defeat or render useless the underlying civil proceeding so that substitution is permitted under § 52-599. We also agree with the plaintiff that her motion to open the dissolution judgment in the present case sought to open the judgment only for the limited purpose of reconsideration of the financial orders. Therefore, we conclude that the underlying civil proceeding was not defeated or rendered useless by the defendant's death, and, thus, the trial court improperly denied the plaintiff's motion to substitute.

Although we generally review a trial court's decision whether to grant a motion for substitution of a party for abuse of discretion, in the present case, because the plaintiff's claim requires us both to consider the trial court's legal authority to grant the motion to substitute—whether there was a viable underlying civil proceeding—and to construe and gauge the applicability of statutes, our review is plenary. See *In re David B.*, 167 Conn. App. 428, 439, 142 A.3d 1277 (2016).

Substitution of a deceased party in a civil action or proceeding, including a dissolution action; see *Charles v. Charles*, 243 Conn. 255, 257, 701 A.2d 650 (1997) ("[a]n action for dissolution of a marriage 'obviously is a civil action' "), cert. denied, 523 U.S. 1136, 118 S. Ct. 1838, 140 L. Ed. 2d 1089 (1998); is governed by § 52-599. Subsection (a) of § 52-599 provides that "[a] cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person." Subsection (b) of § 52-599 specifies that "[a] civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. . . . If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed." Subsection (c) of § 52-599, however, prohibits substitution in three limited circumstances: "The provisions of this section shall not apply: (1) To any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, (2) to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants, or (3) to any civil action upon a penal statute." General Statutes § 52-599 (c).

In interpreting § 52-599, we are guided by our well established legal principles regarding statutory construction: "Because the issue presents a question of statutory interpretation, our analysis is guided by General Statutes § 1-2z, the plain meaning rule. In seeking to determine the meaning of a statute, § 1-2z directs us first to consider the text of the statute itself and its relationship to the broader statutory scheme. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. General Statutes § 1-2z. The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable

interpretation." (Internal quotation marks omitted.) *State* v. *Dudley*, 332 Conn. 639, 645, 212 A.3d 1268 (2019).

The language of subsections (a) and (b) of § 52-599 is broad. Subsection (a) permits any "cause or right of action" to survive in the event of a party's death. Subsection (b) specifies the procedure for seeking substitution and explicitly allows substitution in any "civil action or proceeding . . . ." Under subsection (b), when a plaintiff seeks to substitute the executor of the estate for the deceased defendant, the plaintiff must file the motion in the court in which the action is pending within one year of receiving notice of the defendant's death. We infer from this language that, to permit substitution, there must be a pending action or proceeding. Because, at the time of the defendant's death, the plaintiff's motion to open was pending before the trial court, which already had granted the motion in part for discovery purposes, we have no trouble concluding that there was a pending action and that substitution was permissible under the unambiguous language of subsection (b). See *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 559–60, 133 A.3d 140 (2016) (civil action is pending when either action has been commenced, but there is no judgment, or judgment has been rendered, then opened); *Bank of Stamford* v. *Schlesinger*, 160 Conn. App. 32, 44 n.9, 125 A.3d 209 (2015) (same).

This is consistent with our prior cases interpreting § 52-599, in which this court has described subsection (a) as having a "broad sweep," limited only by the three narrow exceptions enumerated in subsection (c). *Commission on Human Rights & Opportunities* v. *Greenwich Catholic Elementary School System, Inc.*, 202 Conn. 609, 614, 522 A.2d 785 (1987). This broad application of this provision reflects "the general policy favoring the continuation and timely resolution of actions on the merits whenever possible." *In re David B.*, supra, 167 Conn. App. 442. We have explained that the purpose of § 52-599 was to abrogate "[the common-law rule that] the death of a sole plaintiff or defendant abated an action . . . ." (Citation omitted; footnote omitted.) *Burton* v. *Browd*, 258 Conn. 566, 570–71, 783 A.2d 457 (2001); see also *In re David B.*, supra, 441 (rejecting common law's overtechnical formal requirements in favor of substitution and recognizing policy that "[t]he addition or substitution of parties to legal proceedings generally is favored in order to permit courts to make timely and complete determinations on behalf of parties with genuine interests in the outcome of controversies brought before them"). Thus, as long as all filing requirements are satisfied, permitting substitution is the rule, unless one of the three exceptions in subsection (c) applies.

The trial court in the present case determined that

the first exception applied—that the plaintiff's motion to open was defeated or rendered useless by the defendant's death.[7] This exception focuses on whether a party's death affects the continuing vitality of the proceedings. See *Groton* v. *Commission on Human Rights & Opportunities*, 169 Conn. 89, 100–101, 362 A.2d 1359 (1975) (analyzing whether party's death affected continuing vitality of proceedings); id., 103–104 (*Cotter, J.*, concurring) (same). Under this exception, courts have looked to the remedy sought in determining the viability of the underlying action. For example, this court has permitted substitution in cases in which the death of the party had no effect on the continuing vitality of the proceeding because the estate could fill the shoes of the decedent, such as when the pending civil case sought monetary damages, which could be awarded to or against the estate just as damages could be awarded to or against the deceased party had the party survived. See *Commission on Human Rights & Opportunities* v. *Greenwich Catholic Elementary School System, Inc.*, supra, 202 Conn. 614 (recovery of monetary losses in connection with age discrimination claim would enhance value of decedent's estate); *Groton* v. *Commission on Human Rights & Opportunities*, supra, 103–104 (*Cotter, J.*, concurring); see also *Hillcroft Partners* v. *Commission on Human Rights & Opportunities*, 205 Conn. 324, 331, 533 A.2d 852 (1987) (§ 52-599 (b) is applicable when "executor has entered the administrative proceeding by filing an amended complaint seeking any remedy to which the deceased complainant may have been entitled" (emphasis omitted; internal quotation marks omitted)); *In re David B.*, supra, 167 Conn. App. 446 ("the applicability of § 52-599 [when a party seeks to substitute the estate of a deceased plaintiff] reasonably can be viewed as limited to those civil cases in which, despite a party's death, the continuation of the litigation arguably could benefit the decedent's estate, typically in some pecuniary manner"). In contrast, courts have prohibited substitution in cases in which the action sought specific relief that was unique to the parties, such as seeking an injunction for specific performance. See *Groton* v. *Commission on Human Rights & Opportunities*, supra, 100–101.

Whether this exception applies in the present case requires us to determine whether the plaintiff's motion to open the dissolution judgment on the basis of fraud was defeated or rendered useless by the defendant's death. In so doing, we are guided by the following legal principles regarding motions to open judgments of dissolution. Although, under General Statutes § 52-212a,[8] generally, a motion to open must be filed within four months following the date on which judgment was rendered, a judgment in a civil action, including "[a] marital judgment based upon a stipulation may be opened if the stipulation, and thus the judgment, was obtained by fraud. . . . The power of the court to vacate a judg-

ment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." (Citation omitted; internal quotation marks omitted.) *Billington* v. *Billington*, 220 Conn. 212, 217–18, 595 A.2d 1377 (1991); see also *Reville* v. *Reville*, 312 Conn. 428, 441, 93 A.3d 1076 (2014) ("[a]n exception to the four month limitation applies, however, if a party can show, inter alia, that the judgment was obtained by fraud").

"There are three limitations on a court's ability to grant relief from a dissolution judgment secured by fraud: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the fraud; and (3) there is a [reasonable probability] that the result of the new trial will be different." (Footnote omitted; internal quotation marks omitted.) *Reville* v. *Reville*, supra, 312 Conn. 442. Additionally, "the granting of such relief must not unfairly jeopardize interests of reliance that have taken shape on the basis of the judgment." (Internal quotation marks omitted.) *Billington* v. *Billington*, supra, 220 Conn. 218 n.6.

This court has not expressly addressed the present issue—whether a motion to open a dissolution judgment on the basis of fraud abates after a party's death. The determination of this issue turns on the relief requested in the motion to open. Our trial courts have entertained motions to open dissolution judgments, which sought, on the basis of fraud, to set aside the dissolution of the marriage and, thereby, to reinstate the parties' marriage.[9] See *Bonilla* v. *Bonilla*, Superior Court, judicial district of Hartford, Docket No. FA-12-4063256-S (August 5, 2014) (60 Conn. L. Rptr. 778, 779–80) (court granted motion to open dissolution judgment, vacated dissolution judgment and financial orders and reinstated validity of original marriage, where plaintiff alleged that defendant had tricked her into defaulting in dissolution proceedings, then remarried her); *Levesque* v. *Levesque*, Docket No. FA-96-007L336, 1996 WL 521167, *1 (Conn. Super. September 3, 1996) (court granted motion to open dissolution judgment on ground that "[n]o harm would come to anyone if [the] judgment were vacated, and it would foster the preservation and stability of the family, which is the public policy of the [s]tate," where defendant had alleged that dissolution was mistake and both parties wanted to reconcile and continue marriage). In these cases, because granting the motion to open would reinstate the marriage, a party's death while the motion was pending would have defeated and rendered useless the underlying civil proceeding, as the reinstated marriage would automatically be dissolved as of the date of the deceased party's death. See General Statutes § 46b-40.

Although a motion to open, if granted, may vacate

the dissolution of the marriage and thereby reinstate the marriage, that does not mean that the granting of every motion to open necessarily vacates the dissolution of the marriage. Not every motion to open *seeks* to vacate the dissolution of the marriage. Rather, courts in this state consistently have granted motions to open dissolution judgments on the basis of fraud for the limited purpose of reconsidering the financial orders.[10] See, e.g., *Reinke* v. *Sing*, 186 Conn. App. 665, 667 n.1, 201 A.3d 404 (2018) (trial court granted motion to open dissolution judgment in accordance with parties' stipulation for limited purpose of permitting court to reconsider financial orders); see also *Lavy* v. *Lavy*, 190 Conn. App. 186, 192, 210 A.3d 98 (2019) (same); *Forgione* v. *Forgione*, 186 Conn. App. 525, 528, 200 A.3d 190 (2018) (same); cf. *Jenks* v. *Jenks*, 232 Conn. 750, 752, 657 A.2d 1107 (1995) ("trial court . . . granted the motion to open and set aside that part of the stipulated judgment that dealt with the disposition of the marital property").

When courts have granted motions to open dissolution judgments on the basis of fraud for the limited purpose of reconsidering the financial orders, courts have used the date of the original dissolution judgment as the valuation date for the marital property. We infer from this that courts in those cases have considered the original judgment of dissolution to remain intact despite the granting of the motion to open to reconsider the financial orders. See *Lavy* v. *Lavy*, supra, 190 Conn. App. 204–205 (using value of marital property on date of dissolution to determine whether plaintiff was harmed by defendant's financial fraud despite opening dissolution judgment to reconsider financial award); see also *Reville* v. *Reville*, supra, 312 Conn. 433 (trial court used date of dissolution judgment as valuation date for marital property when reconsidering financial award); *Forgione* v. *Forgione*, supra, 186 Conn. App. 529 (same); *Taveres-Doram* v. *Doram*, Docket No. FA-04-4002471-S, 2007 WL 155155, *6 (Conn. Super. January 2, 2007) (court's opening of dissolution judgment for limited purpose of reconsidering financial award did not affect dissolution of marriage or custodial orders but determined new financial award based on value of marital assets as of date of dissolution decree); cf. *Weinstein* v. *Weinstein*, 275 Conn. 671, 708 n.28, 882 A.2d 53 (2005) ("[t]he result of this case [reversal of the denial of the motion to open the judgment of dissolution on the ground of fraud and remanding for further proceedings regarding assets] essentially is no different [from] any other reversal of judgment in a dissolution action requiring a new trial, affording the trial court enormous discretion, as to valuation and division of the marital assets and other attendant financial orders"). The granting of these motions to open for the limited purpose of reconsidering the financial orders did not reinstate the parties' marriages. Allowing parties to open dissolution judgments, when financial fraud

has been alleged, for the limited purpose of reconsidering the financial orders without reinstating the parties' marriage, is both equitable and sound public policy. If the granting of a motion to open a judgment of dissolution on the basis of financial fraud, regardless of the relief requested, led to the reinstatement of the marriage, parties who have suffered from financial fraud but have since remarried would be stuck between the proverbial rock and a hard place—they would have to choose between redress for the financial fraud and the validity of their subsequent marriage. See *Bonilla* v. *Bonilla*, supra, 60 Conn. L. Rptr. 779 (voiding subsequent remarriage of parties after granting motion to open dissolution judgment and reinstating dissolved marriage because, " '[i]f a marriage is contracted before the prior marriage of one of the parties is dissolved and while the spouse from that prior marriage is still living, the subsequent marriage is void' "); see also footnote 9 of this opinion. Additionally, if the parties have remarried, this result also would be inequitable and unfair to the spouse of either party, who had the reasonable expectation that the prior marriage had been dissolved.

Additionally, this is consistent with how we have valued marital property when a dissolution judgment has been reversed for reconsideration of the financial orders. In *Sunbury* v. *Sunbury*, 216 Conn. 673, 583 A.2d 636 (1990), this court was asked to determine how, on remand, to value marital assets after financial orders contained in a judgment of dissolution were set aside on appeal. Id., 674–75. Relying on General Statutes (Rev. to 1985) § 46b-81 (a)[11] and General Statutes § 46b-82,[12] we determined that property that is the subject of financial orders in dissolution proceedings ordinarily must be valued as of the date of dissolution: "In the absence of any exceptional intervening circumstances occurring in the meantime, [the] date of the granting of the divorce would be the proper time as of which to determine the value of the estate of the parties upon which to base the division of property." (Internal quotation marks omitted.) Id., 676. Despite the financial orders contained within the dissolution judgment having been set aside, the dissolution judgment date remained intact and, thus, was the proper date by which to determine the value of the marital property. Id. Setting aside a limited portion of the dissolution judgment—the financial orders— did not open the entire judgment of dissolution or reinstate the parties' marriage. Although *Sunbury* did not involve a motion to open, it is instructive that, in granting the relief sought on appeal and setting aside the financial orders, we did not contemplate or order the reinstatement of the parties' marriage.

The Appellate Court, relying on *Sunbury*, came to a similar conclusion in *LaBorne* v. *LaBorne*, 189 Conn. App. 353, 207 A.3d 58 (2019), in which it held that, when a trial court grants a motion to open a dissolution judgment on the basis of fraud for the limited purpose

of reconsidering the financial award, in reconsidering the financial award, "the appropriate date of valuation of the parties' marital assets, for purposes of the distribution of those assets, was the date of its original decree . . . ." (Internal quotation marks omitted.) Id., 362. The Appellate Court reasoned that, because marital property ordinarily must be valued as of the date of the dissolution judgment, the marital property had to be valued as of the date of the original decree, not as of the date that the financial orders were reconsidered. Id., 362–63. Implicit in this analysis and in the relief orders was a recognition that opening the dissolution judgment for the limited purpose of reconsidering the financial orders did not reinstate the parties' marriage.

Because granting a motion to open the judgment of dissolution for the limited purpose of reconsidering the financial orders does not reinstate the parties' marriage, a party's death would not necessarily defeat such a motion or render it useless. If the granting of the motion served to reinstate the marriage, the party's death would defeat and render useless the motion, because, once granted, the reinstated marriage would automatically be dissolved as of the date of the deceased party's death; General Statutes § 46b-40; and, thus, the court could not then reconsider the financial award and redissolve the marriage.[13] Rather, despite the defendant's death in the present case, and in light of the relief sought, the motion to open could be granted for the limited purpose of reconsidering the financial orders, which would not affect the status of the marriage and therefore would not defeat or render useless the motion. Accordingly, this exception to substitution under § 52-599 (c) did not apply in the present case.

In the absence of the applicability of one of the three exceptions enumerated in § 52-599 (c), when a party seeks to open a dissolution judgment on the basis of fraud for the limited purpose of reconsidering the financial orders, we discern no reason to prohibit substitution of the executor or the administrator of the estate in the event of a party's death.[14] Not only, as explained, would granting the motion to open not affect the status of the parties' marriage, but, also, this is the kind of matter in which the executor or administrator of the estate can step into the role of the deceased party. As in other cases in which substitution has been permitted under § 52-599, the granting of the motion to open for this limited purpose and the resulting reconsideration of the financial orders would do no more than enhance or diminish the estate the same as it would have enhanced or diminished the deceased defendant's assets if he had lived. See *Commission on Human Rights & Opportunities* v. *Greenwich Catholic Elementary School System, Inc.*, supra, 202 Conn. 614 ("claim of the deceased complainant before the [Commission on Human Rights and Opportunities] for monetary losses resulting from the termination of her employ-

ment is not 'defeated or rendered useless' by her death, because a recovery upon such a claim would enhance the value of her estate"). Additionally, the executor or administrator of the estate would have access to the defendant's financial records and assets, which are the subject of the motion to open. See id. (deceased complainant's continued existence was not necessary to prosecution of claim because estate and defendant had access to prior testimony and other evidence).

Moreover, permitting a party to substitute the executor or administrator of the estate of the deceased party and to open a dissolution judgment for the limited purpose of reconsidering the financial orders when fraud has been alleged is consistent with the general principle that, "[i]n family matters, the court exercises its equitable powers." *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 271, 540 A.2d 713 (1988). "While an action for divorce or dissolution of marriage is a creature of statute, it is essentially equitable in its nature." *Pasquariello* v. *Pasquariello*, 168 Conn. 579, 584, 362 A.2d 835 (1975). The trial court has considerable discretion to balance equities in a dissolution proceeding. See *Sunbury* v. *Sunbury*, 210 Conn. 170, 174, 553 A.2d 612 (1989) (" 'The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute . . . .' "). "For that reason, equitable remedies are not bound by formula but are molded to the needs of justice." *Oneglia* v. *Oneglia*, supra, 272. "[I]n some situations, the principle of protection of the finality of judgments must give way to the principle of fairness and equity." (Internal quotation marks omitted.) *Brody* v. *Brody*, 153 Conn. App. 625, 632, 103 A.3d 981 (quoting *Kim* v. *Magnotta*, 249 Conn. 94, 109, 733 A.2d 809 (1999)), cert. denied, 315 Conn. 910, 105 A.3d 901 (2014).

As a result, we must determine whether the plaintiff in the present case requested that the court open the dissolution judgment in its entirety or for the limited purpose of reconsidering the financial orders. The plaintiff's motion to open was labeled simply as "Motion to Open, Postjudgment." She requested that the trial court "open and set aside its September 8, 2011 judgment of dissolution of marriage, which incorporated a separation agreement entered into by the parties, and attendant financial orders." On the basis of the labeling of her motion, the plaintiff did not specifically request that the court open the dissolution judgment for the limited purpose of reconsidering the financial orders. Rather, the motion could fairly be read to seek to open the dissolution judgment in its entirety, affecting the status of her marriage (or rather, of her divorce).

Even when a motion to open does not expressly seek

to have the court open the dissolution judgment only for the limited purpose of reconsidering the financial award, however, we have looked to the substance of the motion and the relief sought in determining the extent to which a party seeks the opening of the dissolution judgment. For example, in *Reville* v. *Reville*, supra, 312 Conn. 428, the plaintiff filed a motion to open and set aside the dissolution judgment on the ground of financial fraud four years after the judgment of dissolution, arguing that the court should reconsider the financial award because the defendant had failed to disclose certain marital property. Id., 432–33. Although the motion to open was broadly labeled, seeking to open and set aside the judgment of dissolution, on the basis of the allegations and the relief requested, the trial court and this court treated the motion as a request to open the judgment for the limited purpose of reconsidering the financial award. See id. Similarly, in *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 130, 429 A.2d 837 (1980), despite labeling the motion as a motion to open the dissolution judgment, "the defendant expressed dissatisfaction only with that portion of the judgment which involved the disposition of the family residence," and, thus, the motion was granted only as to the financial orders, leaving the portion of the judgment dissolving the marriage intact. These cases are consistent with our judicial policy of construing pleadings broadly and realistically. See *Byrne* v. *Avery Center for Obstetrics & Gynecology, P.C.*, 314 Conn. 433, 462, 102 A.3d 32 (2014) (pleadings should be construed "broadly and realistically, rather than narrowly and technically" (internal quotation marks omitted)); see also *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, supra, 320 Conn. 554–55 (courts must look to substance of motion rather than to its form).

We now turn to the allegations in the plaintiff's motion to open and supporting memorandum of law, from which it is clear that the plaintiff sought to have the court open the judgment of dissolution for the limited purpose of reconsidering the financial orders, not for the purpose of reinstating the parties' marriage. In her motion to open, the plaintiff "assert[ed] that the dissolution judgment was secured by fraud . . . specifically, the defendant failed to disclose funds that he was holding in offshore bank accounts . . . ." As a result, the plaintiff requested that the trial court "hold a new trial as to all financial issues." Similarly, in her memorandum of law in support of her motion to open, the plaintiff argued that the fraud was premised on nondisclosure of certain offshore bank accounts and that, in light of this financial fraud, "[l]aw and equity require[d] that the stipulated dissolution judgment be opened and vacated on such grounds, so that a fair division of the parties' assets may be had."

It is clear that the alleged fraud involved the defendant's assets alone. It is also clear that the plaintiff,

in filing the motion to open, requested that the court reconsider the financial orders in response to this financial fraud. She did not request that the court open and set aside that portion of the dissolution judgment dissolving the marriage. She specified that she wanted a new trial as to the financial orders. She was not attempting to have the marriage reinstated. Rather, she was seeking "a fair division of the parties' assets." Although the plaintiff perhaps could have been more explicit by stating specifically that she was requesting that the judgment of dissolution be opened for the limited purpose of reconsidering the financial orders, under *Reville* and *Kenworthy*, construing her pleadings realistically, as we must, the substance of her motion and supporting memorandum of law dispels any confusion that she was requesting that the dissolution judgment be opened for the limited purpose of reconsidering the financial orders.

Because the plaintiff sought the opening of the dissolution judgment only for the limited purpose of reconsidering the financial orders, the granting of the motion would not have reinstated the parties' marriage, and the coexecutors of the defendant's estate could have been substituted as defendants and stepped into the deceased defendant's shoes. Thus, the defendant's death did not defeat and render useless the underlying civil proceeding. Therefore, the trial court improperly denied the plaintiff's motion to substitute the coexecutors of the defendant's estate in place of the defendant.

The judgment is reversed only as to the denial of the plaintiff's motion to substitute as defendants the coexecutors of the defendant's estate and the case is remanded with direction to grant the motion and for further proceedings according to law; the judgment is affirmed in all other respects.

In this opinion the other justices concurred.

* April 27, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] Neither the defendant nor the coexecutors of his estate participated in this appeal.

[2] The plaintiff subsequently amended her motion to open to include allegations that the defendant, in addition to failing to disclose the funds held in Switzerland, also failed to disclose the existence of loans he had made in excess of ten million dollars.

[3] The defendant stipulated that he was waiving his right to a hearing under *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 270, 540 A.2d 713 (1988), which requires a party seeking to open a judgment of dissolution on the ground of fraud to substantiate the allegations of fraud beyond mere suspicion to be entitled to open the judgment for the limited purpose of conducting discovery. The defendant further stipulated that the plaintiff would have been able to sustain her burden of establishing " 'beyond a mere suspicion' " that he had engaged in fraud.

[4] In the plaintiff's motion to substitute, she originally sought to substitute the defendant's son, Michael R. Foisie, the curator of the estate, in place of the defendant. She subsequently amended her motion to substitute the coexecutors of the defendant's estate, Sir Clare Roberts and C. Kamilah Roberts, in place of the defendant.

[5] General Statutes § 46b-40 (a) provides: "A marriage is dissolved only by (1) the death of one of the parties or (2) a decree of annulment or dissolution of the marriage by a court of competent jurisdiction."

[6] Although no brief was filed in opposition to the plaintiff's brief, the Connecticut chapter of the American Academy of Matrimonial Lawyers filed a brief as amicus curiae, in which it argued that, if the granting of a motion to open dissolves the divorce, thereby reinstating the parties' marriage, we should affirm the trial court's judgment because, otherwise, there would be serious consequences in cases in which a party subsequently has remarried. If granting the motion, however, would affect only the financial orders, the amicus argues, we should reverse the trial court's judgment.

[7] The trial court did not address the other two exceptions in § 52-599 (c)— whether the motion to open depended on the continued existence of the defendant, or whether the motion to open involved a civil action on a penal statute. We determine that neither of these other exceptions applies in the present case. As to whether the motion to open depends on the defendant's continued existence, for the same reason that the first exception does not apply, this exception also does not apply—the defendant's estate can take the place of the defendant because granting the motion to open would not reinstate the parties' marriage but, rather, would affect only the financial orders of the dissolution judgment. As to the third exception, this case does not involve a civil action on a penal statute.

[8] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ."

[9] We note that, although parties have filed motions to open dissolution judgments seeking reinstatement of the dissolved marriage, the granting of these motions "must not unfairly jeopardize interests of reliance that have taken shape on the basis of the judgment." (Internal quotation marks omitted.) *Billington* v. *Billington*, supra, 220 Conn. 218 n.6. Even if a stipulated judgment of dissolution were obtained by fraud and one of the parties would not have agreed to the dissolution of the marriage in the absence of the fraud, a court would have to consider whether reliance on the dissolution judgment, for example, the subsequent remarriage of the parties to different people, should prohibit the opening of the judgment and the reinstating of the dissolved marriage.

[10] Additionally, dissolution judgments may be opened for other limited purposes, such as conducting discovery regarding a claim of fraud. See *Oneglia* v. *Oneglia*, 14 Conn. App. 267, 270, 540 A.2d 713 (1988). Opening dissolution judgments for this limited purpose might never lead to the reinstatement of the underlying marriage.

[11] General Statutes (Rev. to 1985) § 46b-81 (a) provides in relevant part: "At the time of entering a decree . . . dissolving a marriage . . . the superior court may assign to either the husband or wife all or any part of the estate of the other . . . ."

[12] General Statutes § 46b-82 (a) provides in relevant part: "At the time of entering the decree, the Superior Court may order either of the parties to pay alimony to the other . . . ."

[13] In support of its conclusion that the plaintiff's motion to open in the present case was defeated and rendered useless by the defendant's death, the trial court relied on a series of Superior Court cases that held that, if a party dies during the pendency of a dissolution proceeding before judgment of dissolution has been rendered, the marriage is automatically dissolved under § 46b-40, and, thus, substitution of the deceased party is prohibited because the dissolution proceeding is defeated and rendered useless. See *Diana* v. *Diana*, Superior Court, judicial district of Tolland, Docket No. FA-99-69335 (September 14, 2001) (30 Conn. L. Rptr. 402, 403) ("[t]he death of a spouse automatically dissolves the marriage, and once the marriage is dissolved by the death of one of the parties, the purpose for continuing an action seeking to dissolve the marriage becomes meaningless"); *Dalton* v. *Dalton*, Superior Court, judicial district of Waterbury, Docket No. FA-95-126681 (March 7, 1997) (19 Conn. L. Rptr. 169, 169) ("the death of the plaintiff has ended the court's jurisdiction over the parties with regard to the [pending] divorce"); *Misheff* v. *Misheff*, Docket No. FA-94-0139817, 1995 WL 781428, *2 (Conn. Super. December 12, 1995) (" 'if an action for divorce is commenced, and one of the parties dies thereafter, but before the entry of a final decree, the action abates' ").

All of these cases, however, are distinguishable because they involved the death of a party prior to the rendering of a judgment of dissolution. In those cases, the party's death automatically dissolved the marriage under § 46b-40, and, thus, the action for dissolution abated because the trial court

could not dissolve an already dissolved marriage. These cases would apply to the present case only if the granting of the motion to open reinstated the parties' marriage because, then, the defendant's death would automatically dissolve the reinstated marriage. These cases, however, do not shed any light on whether granting a motion to open a dissolution judgment in fact reinstates the marriage.

[14] The Appellate Court has reached a similar conclusion, albeit sub silentio. In *Berzins* v. *Berzins*, 122 Conn. App. 674, 998 A.2d 1265 (2010), rev'd, 306 Conn. 651, 51 A.3d 941 (2012), the defendant husband filed a motion to open the judgment of dissolution, which the trial court denied. Id., 676. The defendant husband appealed to the Appellate Court but died during the pendency of the appeal. Id. The Appellate Court stayed the appeal until there was compliance with § 52-599. Id., 676–77. The plaintiff wife subsequently filed a motion to substitute the administrator of the defendant's estate as the defendant, which the trial court granted. Id., 677. The administrator did not object to the motion to substitute. Id., 680.

As the proceedings progressed, the plaintiff wife filed, and the trial court granted, a motion for sanctions and attorney's fees against the administrator, who then appealed to the Appellate Court, arguing that the trial court lacked subject matter jurisdiction to sanction him on the ground that he had been improperly substituted as a defendant because the motion to open abated with the defendant husband's death. Id., 678, 680. The Appellate Court determined that the administrator was barred from raising this claim on the basis of the principles of collateral estoppel; id., 681; because the Appellate Court, in deciding the motion to substitute, already had "determined that the administrator was the proper party to be substituted in [the] action and that the [plaintiff wife's] action did not abate upon the death of [the defendant husband]. See General Statutes § 52-599." *Berzins* v. *Berzins*, supra, 122 Conn. App. 680.